F I L E D
United States Court of Appeals
Tenth Circuit

AUG 25 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re:

BRIAN C. MCGAVIN,

    Debtor.

---

KAREN B. MCGAVIN; MCGAVIN
INVESTMENT COMPANY,

    Appellants,

v.

ROGER G. SEGAL, Trustee,

    Appellee.

No. 98-4086

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 97-CV-776-K)

---

Submitted on the briefs:

Steven T. Waterman of Ray, Quinney & Nebeker, Salt Lake City, Utah, for
Appellants.

Julie A. Bryan of Cohne, Rappaport & Segal, Salt Lake City, Utah, for Appellee.

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

**MURPHY** , Circuit Judge.

Appellants Karen McGavin and McGavin Investment Company (MIC) appeal from the district court's affirmance of a bankruptcy court order which imposed constructive and resulting trusts on certain real and personal property owned by appellants, granted a money judgment against Karen McGavin, and voided certain transfers of property to Karen McGavin, all in favor of the bankruptcy estate of Brian McGavin (Debtor). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. [1] *See Connecticut Nat'l Bank v. Germain* , 503 U.S. 249, 253 (1992). We review the bankruptcy court's legal determinations de novo and its factual findings for clear error. *See Phillips v. White (In re White)* , 25 F.3d 931, 933 (10th Cir. 1994).

Following the filing of Debtor's petition in bankruptcy, the Trustee commenced this adversary proceeding against Debtor's spouse, Karen McGavin; MIC, a Utah limited partnership created for the benefit of the McGavins' minor children; and Debtor's professional corporation, McGavin, Siebenhaar &

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Reynolds (MSR). [2] The Trustee asserted eleven separate causes of action. After a trial to the court, the bankruptcy court ruled in favor of the Trustee on four claims. Specifically, the court imposed constructive and resulting trusts on the McGavins' home (the Prospector Property), which Debtor had transferred to Karen McGavin, and granted a money judgment against Karen McGavin for one half the amount of loans obtained after the filing of the adversary proceeding and using the Prospector Property as collateral. The court also imposed constructive and resulting trusts on certain artwork and photography equipment owned by MIC. Finally, the court voided transfers from Debtor to Karen McGavin of furnishings located at the Prospector Property and a 1991 Promissory Note in favor of MIC. [3]

The district court concluded that the bankruptcy court properly imposed both constructive and resulting trusts against the Prospector Property and the artwork and photography equipment and affirmed the bankruptcy court's judgment on that basis. Appellants correctly note, however, that the district court

_____

[2] MSR did not appeal from the bankruptcy court's ruling, and is not a party to this appeal.

[3] The complete facts underlying this appeal are fully set out in the bankruptcy court's lengthy and detailed Findings of Fact and Conclusions of Law, *Segal v. McGavin*, No. 94PB-2447 (Bankr. D. Utah July 25, 1997), *see* Appellant's App., Vol. 4 at 1542-1605, and will not be repeated here except as necessary to discuss the legal arguments on appeal.

failed to address several other challenges they raised on appeal from the bankruptcy court's ruling. They reargue those points on appeal to this court.

Constructive and Resulting Trusts

On appeal, appellants contend that the bankruptcy court misapplied the law of both constructive and resulting trusts and that the imposition of a constructive trust against the Prospector Property violates Utah law. As to the resulting trusts, appellants acknowledge that there must be clear and convincing evidence of the transferor's intent at the time of transfer to retain a beneficial interest in the property in question. *See Parks v. Zions First Nat'l Bank*, 673 P.2d 590, 598 (Utah 1983). They argue, however, that the bankruptcy court's finding of intent in this case, based on certain enumerated underlying factual findings, amounts to a *per se* rule such as that rejected by this court in *Taylor v. Rupp (In re Taylor)*, 133 F.3d 1336 (10th Cir.), cert. denied, 119 S. Ct. 172 (1998). In *Taylor* this court reversed the bankruptcy court's imposition of a resulting trust on the family home, commenting:

> The bankruptcy judge appears to have adopted a per se rule that when a husband conveys to his wife his interest in the home but intends to continue to reside there and help pay real estate taxes, insurance, and other household bills that accrue, he intends to continue to hold a fifty percent beneficial interest in the property. As a practical matter such a rule would prevent transfers of title to the home between spouses to accomplish such objectives as avoiding probate and arranging the two estates to take advantage of the estate and inheritance tax laws exemptions.

-4-

*Id.* at 1342.

Appellants assert that this case is factually similar to *Taylor* and that the bankruptcy court's conclusion that Debtor intended to structure his assets to remain judgment proof is not supported by record evidence. Despite many factual similarities to *Taylor*, this case is nonetheless distinguishable. Here, Debtor's use and control of the Prospector Property went far beyond residing in the home and paying taxes, insurance, and other household bills. The bankruptcy court made numerous and specific findings about Debtor's continued control and use of the Prospector Property as collateral for various loans whose proceeds he controlled and used to enter into personal and business transactions for his benefit. These findings alone distinguish this case from *Taylor*, where the debtor had only cosigned a line of credit using the home as collateral. As to the artwork and photography equipment, the bankruptcy court based its ruling on similar specific findings that this property was purchased or obtained with funds from the Debtor's income and used and controlled by the Debtor after its transfer to MIC. Those findings adequately support the court's imposition of a resulting trust.

As did the district court, we conclude that the bankruptcy court did not apply a *per se* rule here with regard to the imposition of a resulting trust; its determination that Debtor intended to retain a beneficial interest in the Prospector Property, the artwork, and the photography equipment is supported by record

evidence and underlying factual findings which are not clearly erroneous. Those same findings support the court's conclusion that, in light of Debtor's intent to retain a beneficial interest in this real and personal property, the transfers to Karen McGavin and MIC were an attempt to structure his assets to shield them from creditors, although that conclusion was not required to support the court's imposition of the resulting trusts on the property.

Appellants also argue that reversal is compelled by this court's decision in *Pate v. United States Department of Treasury Internal Revenue Service*, 949 F.2d 1059 (10th Cir. 1991). Although this court noted that the wife, owner of the property, had "mortgaged the home to secure loans her husband advised were necessary, and that he repaid," *id.* at 1061, there were no findings that the husband controlled and used the loan proceeds in the ways that Debtor did in this case. Further, in *Pate*, the district court imposed a resulting trust based on the general rule that such a trust is proper when title to real property is taken in one person's name, but the purchase price is paid by another, a rule that finds exception when applied to a husband and wife. *See id.* at 1060-61. This case does not require reversal on those same grounds, because neither the bankruptcy court nor the district court applied the general rule.

In contrast to resulting trusts, constructive trusts do not require a finding of intent, but may arise "where a person holding title to property is subject to an

equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Parks*, 673 P.2d at 599 (further quotation omitted). Here, appellants contend that the bankruptcy court ignored Utah law in imposing a constructive trust absent fraud, duress, or mistake. *See* Appellant's Br. at 27. However, and as the bankruptcy court noted, *see* Appellant's App., Vol. 4 at 1580-81, Utah law bases constructive trust on the principle of unjust enrichment. *See Parks*, 673 P.2d at 599. The elements of unjust enrichment under Utah law do not include active wrongdoing by the property's owner. *See Jeffs v. Stubbs*, 970 P.2d 1234, 1247-48 (Utah 1998) (setting out elements of unjust enrichment claim under Utah law), cert. denied, 119 S. Ct. 1803 (1999). [4]

Appellants point out that Debtor's creditors in bankruptcy did not exist when the Prospector Property was deeded to Karen McGavin and contend that the bankruptcy court misapplied the law because it did not apply equitable principles from the Debtor's point of view. *See* Appellant's Br. at 28. We reject this argument because we agree with the bankruptcy court that the Trustee, standing in the Debtor's shoes, can claim all property of the Debtor, legal or equitable. *See* Appellant's App., Vol. 4 at 1585 n.12. Further, the point-of-view argument is not

---

[4]  In contrast, the bankruptcy court noted that Oklahoma law clearly requires active wrongdoing before imposing a constructive trust. *See* Appellant's App., Vol 4, at 1581 n.9.

-7-

persuasive here in light of the bankruptcy court's finding that Debtor had structured his assets to make them judgment proof, while still retaining an equitable and beneficial interest in those assets. *Cf. Taylor*, 133 F.3d at 1342.

We agree with the bankruptcy court and district court that the facts of this case take it beyond those facts found insufficient to support a constructive trust in *Taylor*. The imposition of a constructive trust on the Prospector Property, the artwork and the photography equipment was proper and based on sufficient factual findings which are not clearly erroneous.

Factual Findings

Appellants contend that a number of the bankruptcy court's factual findings are clearly erroneous. Specifically, appellants challenge the bankruptcy court's findings that: 1) Debtor intended not to cooperate with the Trustee in the sale of his business, MSR; 2) Debtor intended to retain beneficial ownership of the photography equipment; 3) Debtor intended to retain beneficial ownership of the artwork; 4) there was no conclusive evidence tracing the proceeds from sale of the McGavins' first home to the purchase of the Prospector Property; and 5) Debtor retained Derk Rasmussen to prepare a solvency analysis of MSR. We have reviewed the record to determine if these findings lack factual support therein or if we are left with a firm conviction that a mistake has been made. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th

-8-

Cir. 1990). Our review convinces us that the bankruptcy court's findings of fact are well grounded in the record and are not clearly erroneous. Further, we agree with appellees that the fifth fact challenged is not relevant or necessary to the bankruptcy court's analysis of the legal issues involved.

Burden of Proof

Appellants contend that the bankruptcy court erroneously shifted the burden of proof from the Trustee to appellants because the court commented on a lack of certain kinds of evidence in support of: 1) purported gifts of the MIC property to the McGavin children and the children's contributions to MIC; and 2) Debtor's intent regarding the 1989 transfer to Karen McGavin of the furnishings located in the Prospector Property. Our review of the record indicates that the comments about which appellants complain did not result in an impermissible shift of the burden of proof to appellants. Ample affirmative evidence on the record supported the Trustee's claims and the bankruptcy court's findings that Debtor intended to retain a beneficial interest in the property in question. The bankruptcy court did not rely on an absence of evidence in reaching its conclusions.

Personal Property

Appellants claim that the bankruptcy court improperly granted judgment to the Trustee with regard to the furnishings transferred to Karen McGavin in 1989. They argue that the Trustee did not prove intent to defraud by clear and convincing evidence because the bankruptcy court recited a presumption that a transfer to an insider without consideration was performed with intent to hinder, delay, or defraud. They also note that the exhibit to the transfer document was blank. These arguments lack merit. The bankruptcy court determined that the transfer of the furnishings was "marked with badges of fraud," and discussed those points with particularity. *See* Appellant's App., Vol. 4 at 1595-96. The presumption noted above was only one point recited by the court. The bankruptcy court's finding that those furnishings were transferred with intent to hinder, delay, or defraud creditors is not clearly erroneous. Further, testimony from Karen McGavin supports the bankruptcy court's conclusion that certain furnishings at the Prospector Property were purchased with funds from Debtor's income, providing support for the bankruptcy court's ruling.

The 1991 Note

Appellants contend that the bankruptcy court erred in granting judgment to Trustee on his claims regarding the 1991 Note because the Trustee failed to present evidence about the balance due and owing on the Note. As appellee points out, however, Debtor himself testified about the balance of the Note. *See* Appellants' App., Vol. 2 at 712. This argument mischaracterizes the record and lacks merit.

Money Judgment

Because Karen McGavin had encumbered the Prospector Property with loans following the Trustee's filing of this adversary action, the bankruptcy court, in fashioning its equitable remedy in favor of the Debtor's estate as to the Prospector Property, entered a money judgment against Karen McGavin for one-half the amount of those loans. Appellants contend they lacked notice of this potential remedy and argue that the Trustee somehow disguised the true nature of his claims, hiding a legal claim for money damages. We disagree. While it is true that the Trustee's complaint sought only imposition of constructive and resulting trusts as to the Debtor's equitable interest in the Prospector Property, it is also true that the encumbrances which are the subject of the money judgment against Karen McGavin did not arise until after the Trustee filed suit. Further, the court's fashioning of an equitable remedy which includes a money judgment

does not somehow transmute the Trustee's claims against the Prospector Property into legal claims. *See Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 660 (6th Cir. 1996) (stating that equitable relief can include money damages, and noting that trust remedies are equitable in nature, citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 154 n.10 (1985) (Brennan, J., concurring)); *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 746 (D.C. Cir. 1995) ("[C]ourts of equity have long had the power to give pecuniary relief should specific performance or other traditionally equitable remedies be insufficient.").

Statute of Limitations

Appellants argue that the Trustee's claims for resulting and constructive trusts as to the Prospector Property and the artwork are barred by the applicable four-year statute of limitations, § 78-12-25(3), Utah Code Ann., because Debtor transferred his interests to Karen McGavin and MIC more than four years before the Trustee filed this adversary proceeding. The bankruptcy court held that the statute begins to run when an adverse position to any beneficial interest is asserted and concluded that Debtor's filing of schedules in his bankruptcy, claiming no interest in the Prospector Property, artwork or photography equipment, was an assertion of that adverse position. Appellant's App., Vol. 4, at 1572.

Appellants contend that the bankruptcy court's ruling was in error because its conclusion that the statute of limitations begins to run from the date of repudiation of any beneficial interest applies only to resulting trusts, which requires a finding of intent. [5] They argue that application of the repudiation analysis to constructive trusts would vitiate the statute of limitations with respect to these kinds of equitable actions. The repudiation required, however, is not tied to the intent of the parties, but to the retained equitable interest. *See Taylor*, 133 F.3d at 1340. The court found that Debtor retained an equitable interest in the Prospector Property and the artwork as a result both of the intent of the parties and equitable considerations. *See* Appellant's App., Vol. 4 at 1579, 1585. We have held that these factual findings are not clearly erroneous. Because the statute of limitations is intertwined with Debtor's equitable interest in the Prospector Property, *see Taylor,* 133 F.3d at 1340, it began to run only when he repudiated that interest. Here, the bankruptcy court found his first act of repudiation to be the filing of his bankruptcy schedules. We agree with the

---

[5] Although appellants continue to argue that the statute of limitations bars both the constructive and resulting trust claims, based on their factual assertions that Debtor did not intend to retain any equitable interests in the Prospector Property, *see* Reply Br. at 5-6, in making the argument that the statute of limitations should not apply to nonintentional trusts, they apparently concede the legal point that the statute of limitations would not bar resulting trust claims where intent is found.

bankruptcy court that the statute of limitations did not bar the Trustee's resulting and constructive trust claims against the Prospector Property.

For the foregoing reasons, the judgment of the United States District Court for the District of Utah is AFFIRMED.