**In re Riaz A. SHAHID, Debtor.**

**Tuloil, Inc., Plaintiff–Appellee,**

v.

**Riaz A. Shahid, Defendant–Appellant.**

BAP No. EO–00–012.
Bankruptcy No. 97–71560.
Adversary No. 99–7033.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Oct. 16, 2000.

---

Submitted on the briefs: * Otis W. Williams, for Defendant–Appellant.

Thomas M. Askew, for Plaintiff–Appellee.

Before PUSATERI, ROBINSON, and MATHESON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

Debtor Riaz A. Shahid appeals two orders of the bankruptcy court: one order

---

* After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore submitted without oral argument.

determining him liable for attorney's fees in an action to deny his discharge under § 727 of the Bankruptcy Code [1]; and the other order determining the amount of the award of attorney fees. For the reasons set forth below, we reverse and remand.

## I. Background.

In September 1996, Tuloil, Inc. ("Tuloil") obtained a judgment against the debtor Riaz Shahid ("Debtor") for a principal sum in excess of $80,000 with interest, as well as attorney fees in excess of $12,000.

On October 22, 1999, the bankruptcy court entered a judgment for Tuloil denying the discharge of the Debtor under § 727(a)(2)(A). The court concluded that the Debtor had transferred assets with the intent to hinder, delay or defraud creditors. Tuloil subsequently filed a motion seeking attorney's fees in the amount of $37,548.25 and costs in the amount of $4,444.47. The Debtor stipulated that Tuloil was entitled to costs, but objected to any award of attorney fees.

After a hearing, the bankruptcy court granted Tuloil's motion for attorney's fees and costs, subject to the court's determination that the fees and costs were reasonable. The bankruptcy court determined that although there is no statutory basis for awarding attorney's fees under § 727, there was a contractual basis for awarding fees, pursuant to language in the Debtor's promissory note to Tuloil:

In the event of any default in the payment of this note and if suit is brought hereon, the holder thereof shall be entitled to collect in such a proceeding all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fee in the minimum amount of 15% of the amount due and owing at the time of suit.

After a hearing on the reasonableness of the fees and costs, the bankruptcy court entered an order on February 1, 2000, granting Tuloil attorney's fees in the amount of $31,500, and costs in the amount of $4,396.37.[2] This appeal followed.

## II. Appellate Jurisdiction.

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The parties have consented to this Court's jurisdiction in that they have not opted to have the appeal heard by the United States District Court for the Eastern District of Oklahoma. *Id.* § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the Debtor, and the bankruptcy court's Order is final within the meaning of § 158(a)(1).[3]

## III. Standard of Review.

■■■ In reviewing an order of the bankruptcy court, an appellate court "reviews the factual determinations of the bankruptcy court under the clearly erroneous standard, and reviews the bankruptcy court's construction of [a statute] de novo." *Taylor v. I.R.S.*, 69 F.3d 411, 415 (10th Cir.1995) (citations omitted). Whether attorney's fees may be awarded to the prevailing party in an action to deny discharge is a question of law that we review de novo.

## IV. Discussion.

### A. Inadequate Appendix.

As a threshold matter, the court addresses the adequacy of the record on

---

1. Future references are to Title 11 of the United States Code unless otherwise indicated.

2. The Debtor does not appeal the award of costs.

3. The Debtor filed a Motion for Leave to Appeal, which was denied by this Court as unnecessary.

appeal. Under 10th Cir. BAP L.R. 8009–1(a), an appellant must file an appendix containing excerpts of the record "sufficient for consideration and determination of the issues on appeal." The court need not remedy any failure of counsel to provide an adequate appendix. *Id.*

■ In this appeal, the Debtor filed an appendix that includes only Tuloil's objection to confirmation and the underlying state court judgment. The appendix does not include the promissory note between the parties, the bankruptcy court's order awarding fees nor any other pleadings relevant to the application for fees and costs. This court may decline to review an issue where counsel does not fulfill the responsibility to provide a document necessary for consideration and determination of the issue. *See Gowan v. U.S. Dep't of Air Force,* 148 F.3d 1182, 1192 (10th Cir.), *cert. denied,* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998); see also *Rios v. Bigler,* 67 F.3d 1543, 1553 (10th Cir.1995) ("It is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal.")

■ Nevertheless, the Debtor did attach the bankruptcy court's order awarding fees to his Motion for Leave to Appeal, as did Tuloil in its response thereto. The order quoted the relevant language regarding attorney's fees in the parties' promissory note. In light of the fact that this document is readily available in the appeal file and because there is no dispute about the content of the missing material, we exercise our discretion to proceed to the merits of the appeal.[4] However, we

admonish the Debtor's counsel for submission of an incomplete and cursory appendix.[5]

B. Attorney's Fees.

■ Generally, attorney's fees are not taxable as costs, or recoverable as damages, unless authorized by statute or an enforceable contract between the parties. *In re Reid,* 854 F.2d 156, 161–62 (7th Cir.1988). Tuloil acknowledges that § 727 does not provide a statutory basis for an award of attorney's fees. Nor is there a basis in the rules. Although Fed.R. Bankr.P. 7054 adopts Fed.R.Civ.P. 54(a)-(c), it is in Fed.R.Civ.P. 54(d) that provision is made for an award of attorney's fees. Although the bankruptcy rules include a provision for an award of costs in Fed. R. Bankr.P. 7054(b), there is no provision for an award of attorney's fees in an adversary action.

■ In ruling that Tuloil could recover attorney's fees in a § 727 discharge action, the bankruptcy court relied on *Superior Nat'l Bank v. Schroff (In re Schroff),* 156 B.R. 250, 257 (Bankr.W.D.Mo.1993). The *Schroff* decision, a § 727 action, cited the Eighth Circuit Court of Appeals decision, *In re Hunter,* 771 F.2d 1126 (8th Cir.1985), which involved a nondischargeability action brought pursuant to § 523(a)(2)(A). In *Hunter,* the Eighth Circuit held that attorney's fees relating to a pre-petition mortgage foreclosure could be recovered by the creditor to the extent the fees were ancillary to that portion of the underlying debt deemed nondischargeable. *Hunter,* 771 F.2d at 1131.[6]

---

4. *See, e.g.,Walker v. City of Oklahoma City,* 203 F.3d 837, 2000 WL 135166, at *4 (10th Cir. Feb.7, 2000) (exercising discretion to consider the merits of appeal in spite of inadequate appendix). *But see, e.g.,Schupper v. State Fourth Jud. Dist. Att. Office,* 221 F.3d 1352, 2000 WL 979111, at *1 (10th Cir.2000) (declining to consider merits of appeal where appellant failed to include copy of alleged inadequate complaint).

5. The Court notes that the appendix was not filed with appellant's opening brief as required and, as a result, the appeal was dismissed on June 6, 2000. The Debtor filed the appendix on June 7, 2000, and on July 17, 2000, this Court deemed the late-filed appendix a Motion to Reopen the case and granted the motion.

6. The Eighth Circuit follows the majority view that a contractual provision entitling a creditor to recover attorney's fees may be enforced

We decline to extend the rationale for awarding fees in a § 523 nondischargeability action to actions seeking to deny a debtor's discharge under § 727. An action under § 727 does not liquidate the debt, nor does it give the plaintiff a judgment on its claim. Moreover, an action under § 727 may result in a total denial of discharge, placing every creditor in the position of being able to pursue collection of debts, both liquidated and unliquidated. The creditor that seeks such relief under § 727, relief that ultimately inures to all creditors, does not gain any special or particularized benefit; it cannot liquidate its debt or obtain a judgment on its debt in an action under § 727. That creditor cannot use an attorney's fee clause in its contract with the debtor to recover attorney's fees in an action under § 727 because it is not an action on its contract.

 The bankruptcy court's conclusion that there was a contractual basis to award attorney's fees to Tuloil is also erroneous. The language in the note allows for an award of attorney's fees incurred in a suit on the note. Tuloil did not sue on its note in the adversary proceeding. In fact, it had already obtained a judgment on its note in state court, which judgment included an award of attorney's fees. The language in the note between Shahid and Tuloil does not extend to allow for attorney's fees incurred in an action to deny Shahid's bankruptcy discharge in its entirety. Tuloil's § 727 action to bar the Debtor's discharge was not premised on a default under its promissory note, but rather the Debtor's fraudulent transfer of assets; denial of discharge is an issue peculiar to federal bankruptcy law. *See Itule v. Metlease (In re Itule)*, 114 B.R. 206, 213 (9th Cir. BAP 1990).

Finally, although the bankruptcy court's order mentions Fed. R. Bankr.P. 9011, it is clear that the court did not award attorney's fees under that rule, and made no findings or conclusions relevant to imposing a sanction under the rule. *See White v. General Motors, Corp., Inc.*, 908 F.2d 675, 684 (10th Cir.1990).

Because we find the bankruptcy court's award of attorney's fees was erroneous, we need not address the issue of the amount of fees.

## V. Conclusion.

For the reasons set forth above, the bankruptcy court's order is REVERSED and REMANDED for entry of an order in conformity with this opinion.

in a dischargeability action under § 523 if the provision is valid under state law. *See Mayer v. Spanel Intern. Ltd. (In re Mayer)*, 51 F.3d 670, 677 (7th Cir.1995); *In re Jordan*, 927 F.2d 221, 227–28 (5th Cir.1991), *overruled on other grounds, In re Coston*, 991 F.2d 257 (5th Cir.1993); *TranSouth Financial Corp. of Florida v. Johnson (In re TranSouth Financial Corp.)*, 931 F.2d 1505, 1508–09 (11th Cir. 1991). *But see Itule v. Metlease (In re Itule)*, 114 B.R. 206, 213 (9th Cir. BAP 1990).