In re Angelo LOSANNO, Jr., Debtor.

**American Express Centurion Bank, Optima Account, Plaintiff,**

v.

**Angelo M. Losanno, Jr., Defendant.**

Bankruptcy No. 02–12403–WCH.
Adversary No. 02–01239–WCH.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

March 25, 2003.

———

Richard L. Blumenthal, Esq., for plaintiff.

James P. Mahoney, Esq., Lynn, MA, for defendant.

### ORDER

WILLIAM C. HILLMAN, Bankruptcy Judge.

On July 3, 2002, American Express Centurion Bank, Optima Account (the "Plaintiff") filed a Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A) (the "Complaint") against Angelo M. Losanno, Jr. (the "Debtor"). The Complaint sought a non-dischargeable judgment in the amount of $11,536.37 plus interests, costs and attorney fees. On July 17, 2002, I entered an Order Discharging the Debtor.

The Plaintiff filed a Motion for Summary Judgment and Statement of Uncontested Facts ("Motion for Summary Judgment") in which it prayed for a judgment of non-dischargeability in the amount of $12,186.37, including costs and fees. On December 10, 2002, I held a hearing on the Motion for Summary Judgment. The Debtor failed to respond. Because I found that the Plaintiff satisfied its burden of proof, I ruled that the Debtor's obligations to the Plaintiff were non-dischargeable.

The Plaintiff filed American Express' Motion to Clarify Judgment of Nondischargeability (the "Motion") on December 31, 2002. In the Motion, the Plaintiff wishes to clarify whether included in the judgment of non-dischargeability was a money judgment for a sum certain. While I have the authority to determine whether a debt is non-dischargeable under 11 U.S.C. § 523, I hold that I have no authority to enter a money judgment on the judgment of non-dischargeability. *See Porter Capital Corp. v. Hamilton (In re Hamilton),* 282 B.R. 22 (Bankr.W.D.Okla. 2002); *First Omni Bank, N.A. v. Thrall*

*(In re Thrall),* 196 B.R. 959 (Bankr.D.Colo. 1996); *Barrows v. Illinois Student Assistance Comm'n (In re Barrows),* 182 B.R. 640 (Bankr.D.N.H.1994); *Eckel v. Narciso (In re Narciso),* 146 B.R. 792 (Bankr. E.D.Ark.1992). The Plaintiff may pursue its claim for a money judgment in the state court which is the proper venue for its action.