Eric CAMBIO, Debtor.

Eric Cambio, Appellant,

v.

Guiseppe Mattera, Appellee.

BAP No. RI–03–067.
Bankruptcy No. 02–10373–ANV.
Adversary No. 02–01032–ANV.

United States Bankruptcy Appellate Panel
for the First Circuit.

Sept. 2, 2004.

forth below, we REVERSE as to issue (1), VACATE as to issues (2) and (3), and AFFIRM as to issue (4).

Russell D. Raskin, Esq., of Raskin & Berman on brief for Appellant.

John T. Walsh, Jr., Esq. and Lawrence P. McCarthy, III, Esq., of Higgins, Cavanagh & Cooney, LLP, on brief for Appellee.

Before DE JESUS, HILLMAN and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

DE JESUS and HILLMAN, Bankruptcy Appellate Panel Judges.

■ This matter is before the Panel on the debtor's appeal from a July 1, 2003 final order of the United States Bankruptcy Court for the District of Rhode Island determining the debt owed to the appellee, Guiseppe Mattera ("Mattera"), be nondischargeable in the amount of $79,907.41 pursuant to 11 U.S.C. § 523(a)(2)(A).[1] The issues on appeal are: (1) whether the bankruptcy court had subject matter jurisdiction to award money damages to Mattera; (2) whether the bankruptcy court erred by awarding excessive damages; (3) whether the bankruptcy erred in finding there was sufficient evidence of damages; and (4) whether the bankruptcy court erred in determining that Mattera had established all the elements of fraud necessary for nondischargeability under 11 U.S.C. § 523(a)(2)(A). For the reasons set

## BACKGROUND

The background of this case as it is set forth herein is gleaned from the limited appendix submitted on appeal.

On or about June 4, 2001, Eric Cambio ("Cambio") entered into an agreement to renovate real property owned by Mattera for a total cost of $75,000. Joint Pre–Trial Statement at ¶ 5 (App. at # 3). On that date, Mattera paid Cambio $25,000 as a down-payment for the work to be performed by Cambio. *Id.* at ¶ 6. He subsequently made seven additional payments to Cambio totaling $29,166.69. *Id.* at ¶ 7. However, Cambio stopped all work on the project in January 2002, leaving the project only about 50 percent complete. *See* Decision Transcript dated July 1, 2003 at 4, 5 (Supp.App. Item # 2).

On February 1, 2002, Cambio and his wife filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[2] On April 22, 2002, Mattera filed an adversary complaint seeking a determination that the obligations owed to him by Cambio were nondischargeable under § 523(a)(2)(A), and Cambio filed an answer. The bankruptcy court conducted a trial on June 24–26, 2003. On July 1, 2003, the bankruptcy court rendered a bench decision finding the debt owed to Mattera to be "nondischargeable in the amount of $79,907.91." On that same date, the bankruptcy court entered an Order Determining Debt To Be

---

1. We have jurisdiction to review a bankruptcy court's final judgment regarding the nondischargeability of a debtor's obligations. *See* 28 U.S.C. § 158(a)(1); *Werthen v. Werthen (In re Werthen),* 282 B.R. 553, 555–56 (1st Cir. BAP 2002) *(citing Fleet Data Processing Corp. v. Branch,* 218 B.R. 643, 647 (1st Cir. BAP 1998)).

2. Unless otherwise indicated, all references to the "Bankruptcy Code" or the "Code" and all references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

Nondischargeable.[3] Cambio timely appealed.

## DISCUSSION

### I. Bankruptcy Court's Jurisdiction To Enter Money Judgment.

This case first raises the question of whether bankruptcy courts have jurisdiction to enter money judgments on nondischargeable debts. There is no First Circuit precedent on point, and other courts addressing the issue are divided, generally adopting either an "expansive approach" or a "limited jurisdiction approach." [4]

### A. Expansive Approach

Most published decisions adopt the expansive approach, concluding that bankruptcy courts do have the power to enter money judgments on nondischargeable debts. *See Baker v. Friedman (In re Friedman)*, 300 B.R. 149, 150 (Bankr. D.Mass.2003). Indeed, every circuit to address the issue has held that there is federal bankruptcy jurisdiction to liquidate and enter a judgment on a nondischargeable debt. *See, e.g., Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017–18 (9th Cir.1997) (bankruptcy court acted within its jurisdiction in entering money judgment in nondischargeability proceeding); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 164 (2d Cir.1995) ("[T]he entry of a money judgment ... finds support in the bankruptcy court's inherent equitable powers"); *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir. 1993) (bankruptcy courts may determine money damages in nondischargeability proceedings because bankruptcy courts are equitable courts that may decide all the matters in dispute and give complete relief); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1508 (7th Cir. 1991) (same); *McGavin v. Segal (In re McGavin)*, 189 F.3d 1215, 1220 (10th Cir. 1999) (affirming bankruptcy court's grant of money judgment); *Lang v. Lang (In re Lang)*, 293 B.R. 501 (10th Cir. BAP 2003) (bankruptcy courts have jurisdiction to enter money damages in § 523(a) proceeding under "the broad congressional grant of jurisdiction given to bankruptcy courts under 28 U.S.C. § 157").

Generally, courts that routinely enter money judgments on nondischargeable debts focus on the close factual and logical relationship between the dischargeability proceeding and any proceeding on the underlying debt, and rely on theories of judicial economy and the bankruptcy courts' inherent equitable powers. *See, e.g., Cowen*, 108 F.3d at 1017–18 (concluding that bankruptcy courts have jurisdiction to determine money damages because " 'it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the non-

---

**3.** The order provided:

For the reasons stated in the Bench Decision rendered by the Court on July 1, 2003, which are adopted and incorporated herein by reference, judgment shall enter in favor of the Plaintiff on his Complaint and the debt owing to Guiseppe Mattera is determined to be nondischargeable in the amount of $79,907.41.

App. at # 4.

**4.** Even within the First Circuit, there is a split of authority on this issue. *Compare Baker v. Friedman (In re Friedman)*, 300 B.R. 149

(Bankr.D.Mass.2003) (bankruptcy courts have jurisdiction to enter money judgments on nondischargeable debts), with *Am. Express Centurion Bank v. Losanno (In re Losanno)*, 291 B.R. 1 (Bankr.D.Mass.2003) (bankruptcy courts have no authority to enter money judgments in nondischargeability cases), and *Barrows v. Illinois Student Assistance Comm'n (In re Barrows)*, 182 B.R. 640, 653 (Bankr.D.N.H. 1994) (money judgments "should be left to a court of competent jurisdiction as would have occurred had there been no bankruptcy").

dischargeable debt,' and 'equitable jurisdiction attaches to the entire cause of action' "); *Hallahan*, 936 F.2d at 1508 (finding that because parties properly before courts of equity subject themselves "to all the consequences that attach to an appearance," the amount of the nondischargeable debt is properly determined by the bankruptcy court).

## B. Limited Jurisdiction Approach

Courts adopting a limited jurisdiction approach conclude that bankruptcy courts do not have the power to enter money judgments on nondischargeable debts. *See, e.g., First Omni Bank, N.A. v. Thrall (In re Thrall)*, 196 B.R. 959 (Bankr.D.Colo. 1996); *see also Am. Express Centurion Bank v. Losanno (In re Losanno)*, 291 B.R. 1 (Bankr.D.Mass.2003) (bankruptcy courts lack authority to enter money judgments in nondischargeability cases), *Porter Capital Corp. v. Hamilton (In re Hamilton)*, 282 B.R. 22 (Bankr.W.D.Okla.2002) (same); *Barrows v. Illinois Student Assistance Comm'n (In re Barrows)*, 182 B.R. 640, 653 (Bankr.D.N.H.1994) ("Once a nondischargeability determination is made with regard to educational loans ... the entry of any money judgment and any repayment terms should be left to the affected parties in the first instance, and, if enforcement is required ... should be left to a court of competent jurisdiction as would have occurred had there been no bankruptcy."). These courts generally conclude either that entry of a money judgment is outside the scope of the bankruptcy courts' jurisdiction or that awards of monetary damages raise other issues appropriate only in a non-bankruptcy forum. *See Thrall*, 196 B.R. at 963–64.

The definitive decision cited by courts adopting the limited jurisdiction approach is *In re Thrall, supra.* In *Thrall*, the bankruptcy court examined the Bankruptcy Code and Federal Rules of Bankruptcy Procedure and concluded that while bankruptcy courts have jurisdiction to decide dischargeability complaints, they are not authorized to enter money judgments. *Thrall*, 196 B.R. at 963–64. The *Thrall* court noted that § 17(c)(3) of the former Bankruptcy Act required a bankruptcy court not only to determine the dischargeability of a debt, but also to enter judgment and to make necessary orders for its enforcement. *Id.* at 964. However, the more recently enacted Bankruptcy Code explicitly mentions dischargeability and not the money judgments against the debtor. The *Thrall* court reasoned, therefore, that since Congress did not include an explicit authorization to enter money judgments in the new Bankruptcy Code, it must have intended to restrict the power of the bankruptcy courts. *Id.* at 964–65.

Adopting the approach taken by the *Thrall* court, the bankruptcy court in *Hamilton* similarly concluded that by not specifically empowering bankruptcy courts to render money judgments on nondischargeable debts, Congress intended to limit bankruptcy courts to deciding the dischargeability issues. *Hamilton*, 282 B.R. at 24. " 'Determination of dischargeability of a debt is a limited function under the Code. It only defines the scope of discharge and does not substitute for a full and complete determination of all claims and defenses which can be asserted under non-bankruptcy law.' " *Id.* at 24 (*citing Thrall*, 196 B.R. at 968).

## C. The Present Case.

■ Here the facts show entry of the money judgment on the state law claim for damages due to a breach of contract was based on events occurring before this petition was filed. The record reveals there was no estate property available for distribution to creditors. Consequently, the

only effect of the money judgment against this debtor would be to enhance Mattera's future ability to collect the debt from Cambio's post-bankruptcy income and assets, with no effect at all on property of the bankruptcy estate or creditors' claims against the estate. Under these circumstances, the bankruptcy court's role should be limited to determining the extent of Cambio's discharge by applying the limited jurisdiction approach, as

> [the] state-law claim on which a creditor seeks a money judgment does not "arise under" the Bankruptcy Code. Furthermore, it does not "arise in" the bankruptcy case under the standard test for "arising in" proceedings, because the creditor's claim against the debtor would exist in exactly the same form even in the absence of the debtor's bankruptcy filing. Indeed, that is precisely the upshot of the determination of nondischargeability. Thus, if the claim on the underlying debt is within federal bankruptcy jurisdiction at all, it is because it is "related to" the debtor's bankruptcy case. Utilizing the Pacor test, however, because the only effect of any money judgment against the debtor would be to enhance the creditor's future ability to collect the debt from the debtor's post-bankruptcy income and assets and with no effect at all on property of the bankruptcy estate or creditors' claims against the estate, we would conclude that the claim is not "related to" the bankruptcy case. Indeed, the few courts that actually have confronted the jurisdictional issue with the announced standards have come to the same conclusion-there is no federal bankruptcy jurisdiction to enter

a money judgment against an individual debtor on a nondischargeable debt.

Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory*, 41 WM. & MARY L. REV. 743 (March 2000).[5]

■ Furthermore, we find it is not appropriate to apply the expansive approach in this case. First, facts serving as the foundation for both causes of action (the dischargeability of the debt and damages due to the breach of contract) are not inextricably intertwined, allowing for their severance and resolution by courts with unquestionable subject matter jurisdiction. Second, while adjudication of both causes of action by the bankruptcy court promotes laudable goals of judicial and the parties' economy, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 914, 157 L.Ed.2d 867 (2004) (citations omitted). Lastly, we reject arguments that the Committee Note to Interim Bankruptcy Rule 4003 discussed in *In re Ridsdale*[6] authorizes the bankruptcy court to enter judgment on the underlying cause of action for breach of contract and award damages as, " 'it is axiomatic' that such rules 'do not create or withdraw federal jurisdiction.' " *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370[, 98 S.Ct. 2396, 57 L.Ed.2d 274] (1978). As Bankruptcy Rule 9030 states, the Bankruptcy Rules 'shall not be construed to extend or limit the jurisdiction of the courts.' " *Id.*

Accordingly, we conclude that the bankruptcy court did not have jurisdiction to enter a money judgment on the nondischargeable debt under the circumstances

---

5. The Brubaker article discusses at great length the test for determining bankruptcy court jurisdiction developed by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984), commonly known as the "Pacor test." The Pacor test was adopted by the Fifth Circuit in *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir.1987).

6. 286 B.R. 238 (Bankr.W.D.N.Y.2002).

of this case, and we REVERSE the bankruptcy court's entry of a money judgment in favor of Mattera.

## II. Damages.

The next two issues on appeal are whether the bankruptcy court erred by awarding excessive damages, and whether the bankruptcy erred in finding there was sufficient evidence of damages. Since we have concluded that the bankruptcy court did not have jurisdiction to enter a money judgment in the subject nondischargeability proceeding, we VACATE the bankruptcy court on all issues relating to the award of damages as these issues are now moot.

## III. Nondischargeability Under § 523(a)(2)(A).

■ The remaining issue on appeal is whether the bankruptcy court erred in determining that Mattera had established all the elements of fraud necessary for non-dischargeability under § 523(a)(2)(A). We are unable to review the bankruptcy court's rulings on this issue as the appellate record does not provide us with the factual and legal basis for the order under review as required by Fed. R. Bankr.P. 8009(b) and 1st Cir. BAP R. 8009–1(b).

---

7. Bankruptcy Rule 8009(b) provides:
   [T]he appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:
   (1) the complaint and answer or other equivalent pleadings;
   (2) Any pretrial order;
   (3) the judgment, order, or decree from which the appeal is taken;
   (4) Any other orders relevant to the appeal;
   (5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;
   (6) Any motion or response on which the court rendered a decision;
   (7) The notice of appeal;

*See Malone v. Payeur (In re Payeur)*, 22 B.R. 516, 519 (1st Cir. BAP 1982).

Bankruptcy Rule 8009(b) requires an appellant to serve and file with the appellant's brief an appendix containing excerpts of the record, including "(5) [t]he opinion, findings of fact, or conclusions of law filed or delivered orally by the court ..., and (9)[t]he transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel." *See* Fed. R. Bankr.P. 8009(b).[7] Moreover, the Panel specifically requires that the appendix include all portions of the transcript required for adequate review of the issues before it. *See* 1st Cir. BAP R. 8009–1(b).[8]

In this case, Cambio initially failed to file an appendix as required by Fed. R. Bankr.P. 8009(b) until ordered by the Panel to do so. Thereafter, Cambio filed an appendix containing the following: (1) Complaint; (2) Answer; (3) Joint Pre–Trial Order (without exhibits); (4) Order Determining Debt To Be Nondischargeable; (5) Judgment; (6) Notice of Appeal; (7) Excerpts from Trial Transcript dated June 25, 2003; and (8) Excerpts from Trial Transcript dated June 26, 2003. Cambio's appendix only included the limited portions of the trial transcript which were cited in

   (8) The relevant entries of the bankruptcy docket; and
   (9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.
   Fed. R. Bankr.P. 8009(b).

8. Local BAP Rule 8009–1(c) provides:

   Appellant shall include in its appendix a transcript or portion thereof of the order or judgment from which the appeal is taken, and/or the findings of fact and conclusions of law orally delivered by the Bankruptcy Court. The parties shall include in their respective appendices all portions of the transcript required for adequate review of the issues before the BAP.
   1st Cir. BAP R. 8009–1(c).

his brief. Mattera filed a supplemental appendix containing additional portions of the transcript which were cited in his brief.

The appendix submitted by Cambio on appeal contains several fatal omissions precluding our review. Most importantly, Cambio did not supply this Panel with the bankruptcy court's decision from the bench on July 1, 2003. Without a copy of that decision, this Panel simply is unable to review the bankruptcy court's findings or rulings relating to the nondischargeability of the debt. *See Ramirez v. Puerto Rico Fire Serv.,* 757 F.2d 1357 (1st Cir.1985) ("Where an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the [trial] court, this circuit has repeatedly held that we will not review the allegations"); *see also Gowan v. United States,* 148 F.3d 1182, 1192 (10th Cir.) (when appellate record fails to include copies of the documents necessary to decide an issue on appeal, bankruptcy appellate panel is unable to rule on that issue), *cert. denied,* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998). In addition, Cambio has offered only limited excerpts of the trial transcript in his proffered Appendix, providing the Panel with incomplete and disjointed testimonies of witnesses. Cambio also has failed to supply the Panel with any of the exhibits admitted at trial which were pertinent to the bankruptcy court's findings and rulings. Absent these documents, we are not privy to the facts and analysis utilized by the bankruptcy court in determining the debt to be nondischargeable, and we are unable to make any determination concerning the propriety of the bankruptcy court's ruling.

On the record before us, Cambio simply has failed to satisfy his burden of establishing that the bankruptcy court's findings of fact are clearly erroneous and that its legal conclusions are contrary to law.[9] It is not our responsibility to remedy Cambio's failure to provide an adequate appendix. *See Tuloil, Inc. v. Shahid (In re Shahid),* 254 B.R. 40, 43 (10th Cir. BAP 2000). Accordingly, we summarily AFFIRM the bankruptcy court regarding the nondischargeability of the debt owed to Mattera pursuant to § 523(a)(2)(A).

### CONCLUSION

Having concluded that the bankruptcy court did not have jurisdiction to enter a money judgment on the nondischargeable debt under the circumstances of this case, we REVERSE the bankruptcy court's entry of a money judgment in favor of Mattera and VACATE the bankruptcy court on all issues relating to the award of money damages. However, due to the lack of an adequate record on appeal, we are unable to review the bankruptcy rulings regarding the nondischargeability of the debt owed to Mattera pursuant to § 523(a)(2)(A) and therefore we summarily AFFIRM the same.

ROSENTHAL, U.S. Bankruptcy Appellate Panel Judge (dissenting).

I would affirm the Bankruptcy Court on all matters raised in this appeal.

### I. Bankruptcy Court's Jurisdiction To Enter Money Judgment

I respectfully disagree with the majority.

I see no basis to deviate from the unanimous Circuit law which holds that there is

9. The standard of review for an order disposing of an objection to dischargeability depends on whether the order presents questions of fact or law. *In re Joyner,* 132 B.R. 436, 438–39 (D.Kan.1991). Questions of fact are reviewed under the clearly erroneous standard, and questions of law are reviewed *de novo. Id.*

federal bankruptcy jurisdiction to liquidate and enter a money judgment on a non-dischargeable debt. Although I believe in most cases this approach effects the most efficient use of judicial and litigant resources, by only requiring one trial rather than two, there are situations where trying the money or damages portion would not be economical (such as complicated contractual or financial cases or even some student loan cases, civil rights cases, etc.) and thus I believe discretion should remain with the trial court.

To have jurisdiction turn on when the "events" took place or whether there will be a "distribution," as the majority suggests, does not serve the system, the parties or the Court. First, most "events" leading to non-dischargeability occur pre-petition. Second, considering the Code's time requirements for filing non-dischargeability complaints, the trial judge will often be forced to use a "ouji" board at the beginning of a case to determine whether a distribution will take place and thus, under the majority's proposed rule, whether the Court has jurisdiction. Twenty/twenty hindsight does not provide a fair and consistent measure of a court's jurisdiction.

## II. Damages

I would find that the bankruptcy court had jurisdiction to determine the amount of damages, and further find that the bankruptcy court was not clearly erroneous in its findings for the reasons set forth in Section III of the majority opinion.

## III. Non-dischargeability under § 523(a)(2)(A)

I agree with the majority on this point.