These two consolidated cases involve but one controversy concerning the defendant Wanpen Florentine, who, in 2008, bought a newly built condominium unit in the town of Hingham under the auspices of the Commonwealth's Local Initiative Program (LIP). The LIP, a State program administered by the Department of Housing and Community Development (DHCD), fosters the creation of affordable housing in local communities. At the closing for her purchase of unit 23 of the Ridgeway Crossing Condominium, the defendant executed, among other documents, an affordable housing deed rider restricting her rights as owner to let, encumber, or sell the unit, and granting a beneficial interest to the DHCD and the town, including enforcement rights vis-à-vis the deed rider restrictions.
As it happened here, indisputably, without prior written consent of DHCD and the town, the defendant pledged unit 23 to obtain mortgage loans; transferred legal title to a real estate trust, for which she was a named trustee; and let certain space in unit 23 to a third party. Subsequently, by separate actions, commenced in the Superior Court, the town and the Commonwealth sued the defendant, seeking remedial relief, including but not limited to monetary penalties, for the latter's breach of the affordable housing deed rider restrictions. The court consolidated these actions. After a hearing, a judge allowed the summary judgment motions filed by the town and the Commonwealth, based on uncontroverted documentary evidence establishing the defendant's violations of the deed rider restrictions.
The defendant appeals from the final judgments that entered in favor of both governmental plaintiffs. Substantially for the reasons stated by the motion judge in his decision granting summary judgment to the town and the Commonwealth, and for the reasons outlined by the plaintiffs in their respective briefs filed in this appeal, we uphold the outcome in the Superior Court in all respects.
Just as the defendant's oppositions in the trial court to the plaintiffs' summary judgment motions failed to engage the legal issues raised, her appellate submissions are not responsive at all to the contested summary judgment rulings. We discern no reasonable basis, on appeal, to disturb the same.[5]
Judgments affirmed.

Given our decision, we need not address the town's separately filed motion for dismissal of this appeal on the ground of standing tied to the defendant's bankruptcy proceeding.