**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

---

**BAP NO. MB 18-059**

---

**Bankruptcy Case No. 17-12526-FJB**
**Adversary Proceeding No. 17-01128-FJB**

---

**GINGER SIRIKANJANACHAI,**
a/k/a Wanpen Florentine,
a/k/a Penny Collins, a/k/a Laciga Rachaisri,
a/k/a Penny Collins Siridee,
Debtor.

---

**TOWN OF HINGHAM, MASSACHUSETTS,**
Plaintiff-Appellee,

v.

**GINGER SIRIKANJANACHAI,**
Defendant-Appellant.

---

**Appeal from the United States Bankruptcy Court
for the District of Massachusetts
(Hon. Frank J. Bailey, U.S. Bankruptcy Judge)**

---

**Before
Lamoutte, Cary, and Fagone,
United States Bankruptcy Appellate Panel Judges.**

---

Ginger Sirikanjanachai, pro se, on brief for Appellant.
John D. Finnegan, Esq., on brief for Appellee.

---

**December 4, 2019**

---

**Cary, U.S. Bankruptcy Appellate Panel Judge.**

The debtor, Ginger Sirikanjanachai (the "Debtor"), appeals from the bankruptcy court's judgment excepting from discharge her obligations to the Town of Hingham, Massachusetts (the "Town"). For the reasons set forth below, we **AFFIRM**.

## BACKGROUND[1]

Currently known as Ginger Sirikanjanachai, the Debtor has also used various other names, including Wanpen Sirikanjanachai, Wanpen Florentine, Wanpen Collins, Penny Collins, Penny Siridee, Penny Collins Siridee, and Laciga Rachaisri. She also claims to have created a corporation called Laciga Rachaisri, Inc. In March 2006, the Debtor submitted an application to the Town to purchase a condominium unit (the "Unit") which was part of an affordable housing program. Pursuant to the program, income and age eligible purchasers are given the opportunity to purchase certain property at a discount if they agree to convey the property on resale to certain entities, including the Town. The Debtor completed the application using two separate names: Wanpen Florentine and Laciga Rachaisri, whom the Debtor identified as her sister. She did not disclose that Laciga Rachaisri was one of her own names. She reported that Wanpen Florentine and Laciga Rachaisri had different dates of birth and different Social Security numbers. She also indicated that she had never owned a home. She certified that this information was true. Except for the information regarding Wanpen Florentine, none of it was.

Through a lottery process, the Town selected the Debtor to purchase the Unit and the closing took place in August 2008. Attached to the deed for the Unit was a rider, which the

---

[1] All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Debtor executed as Wanpen Florentine. Pursuant to the deed rider, the Debtor granted the Town a right of first refusal to purchase the Unit or to locate an eligible purchaser. She also agreed to notify the Town of her intent to sell the Unit and to refrain from leasing, encumbering, or mortgaging the Unit without the Town's consent.

On February 6, 2013, the Debtor notified the Town that she wished to sell the Unit. The Town informed her that it would exercise its right of first refusal to purchase the Unit. The Debtor, however, refused to convey the Unit to the Town on the scheduled closing date. The Town sued her in state court seeking specific performance of her obligations under the deed rider, as well as damages for breach of contract and intentional and negligent misrepresentation. The Town alleged, among other things, that the Debtor breached the deed rider in various ways, including by: transferring the Unit to "Wanpen Florentine, Trustee"; encumbering the Unit with three mortgages; and failing to convey title to the Unit to the Town.

The Town prevailed. In its June 2017 judgment (the "state court judgment"), the state court declared as void not only the Debtor's conveyance of the Unit to herself, as trustee, but also the three mortgages which she granted on the Unit. The court also ordered her to convey the Unit to the Town within 60 days.[2]

One week after entry of the state court judgment, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code, and thereafter received a chapter 7 discharge. In October 2017, the Town commenced an adversary proceeding against her with a two-count complaint. In Count I, the Town sought a judgment determining that the Debtor's obligations to provide the Town with a right of first refusal and to convey title to the Town were not subject to

---

[2] The Massachusetts Appeals Court affirmed the state court judgment in December 2018. Town of Hingham v. Florentine, 111 N.E.3d 1114 (Mass. App. Ct. 2018).

her chapter 7 discharge. In Count II, the Town requested a determination under § 523(a)(2)(A) or (a)(2)(B) that the Debtor's obligations under the state court judgment were excepted from discharge.

After conducting a trial, the bankruptcy court issued a memorandum of decision on November 7, 2018, holding that the Debtor's obligations to the Town were excepted from discharge. See Town of Hingham v. Sirikanjanachai (In re Sirikanjanachai), 594 B.R. 1, 15 (Bankr. D. Mass. 2018). With respect to the first count, the bankruptcy court ruled that the Debtor's obligation under the deed rider (and under the equitable order of specific performance in the state court judgment) did not give rise to a right of payment. Id. at 12. Accordingly, the bankruptcy court determined that the Town's right to specific performance was not a claim under § 101(5)(B) and was not subject to the Debtor's discharge. Id. On the second count, the bankruptcy court concluded that § 523(a)(2)(A) provided a further basis to except the Debtor's judgment obligations from discharge after finding that she knowingly made four misrepresentations in connection with the application that were relied upon by the Town to its detriment. Id. at 15. The bankruptcy court's judgment entered the same day and the Debtor appealed, pro se.

## JURISDICTION

"Pursuant to 28 U.S.C. §§ 158(a) and (b), [we] may hear appeals from 'final judgments, orders, and decrees . . . .'" Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998); see also Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015). A bankruptcy court's judgment determining dischargeability of a debt is a final, reviewable order. Cambio v. Mattera (In re Cambio), 353 B.R. 30, 31 n.1 (B.A.P. 1st Cir. 2004) (citations omitted). Accordingly, we have jurisdiction to hear this appeal.

4

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (B.A.P. 1st Cir. 2016) (citation omitted); see also In re Cambio, 353 B.R. at 36 n.9. "The determination of the nondischargeability of debt is an issue of law that we review *de novo*." Cherry v. Neuschafer (In re Neuschafer), No. KS-13-030, 2014 WL 2611258, at *5 (B.A.P. 10th Cir. June 12, 2014); see also Spagnuolo v. Brooke-Petit, 506 B.R. 1, 4 (D. Mass. 2014).

## DISCUSSION

As a threshold matter, we are confronted with an opening brief that is seriously deficient and in utter disregard of the applicable procedural rules. For example, the merits section of the brief lacks any coherent argument, meaningful citation to legal authority, specific references to evidence, and analysis of any standard of review. Reyes-Garcia v. Rodriguez & Del Valle, Inc., 82 F.3d 11, 16 (1st Cir. 1996) (dismissing appeal due to appellant's failure to comply with procedural rules, including briefing requirements); see also Fed. R. Bankr. P. 8014(a)(1)-(10) (setting forth the requirements for an appellant's opening brief); 1st Cir. BAP L.R. 8014-1 (also regarding briefing requirements). Additionally, the brief does not contain a proper jurisdictional statement or a summary of the argument. See Fed. R. Bankr. P. 8014(a)(4) and (a)(7).

Although the Debtor identifies as an issue "[w]hether the Bankruptcy Court erred in . . . declaring the Debtor's obligations under the [s]tate [c]ourt judgment to be excepted from discharge," she does not adequately or clearly address that central question. The Debtor does not specifically challenge any of the bankruptcy court's findings of fact or conclusions of law regarding either Count I or Count II, and the brief contains no reference to the controlling

5

statutes which form the basis of the bankruptcy court's decision. Neither the Debtor's reply brief nor her representations at oral argument supply what her opening brief lacks.

We have previously stated that "[a]n appellate court may, in its discretion, deem an argument waived if it is not presented in accordance with Bankruptcy Rule 8010," the predecessor to Bankruptcy Rule 8014. Ross v. Educ. Credit Mgmt. Corp. (In re Ross), BAP No. MW 03-085, 2004 WL 6030762, at *3 (B.A.P 1st Cir. June 4, 2004) (citing Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.), 942 F.2d 1462, 1467 (9th Cir. 1991), and Joelson v. Brown (In re Brown Family Farms, Inc.), 872 F.2d 139, 142 (6th Cir. 1989)).[3] This is consistent with the well-established rules in this circuit that failure to brief an issue waives it, United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011), and that "issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will also be] deemed waived for purposes of appeal." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 36 (1st Cir. 1994) (citation omitted).

While pro se litigants are held to a less stringent procedural standard than others, they are not granted immunity from compliance with procedural and substantive law. Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857, 861 (B.A.P. 1st Cir. 2011); see also Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'") (citation omitted). A pro se litigant's obligation to comply with substantive and procedural rules applies

---

[3] In addition, failure to comply with Bankruptcy Rule 8014 may be grounds for dismissing a bankruptcy appeal. In re Ross, 2004 WL 6030762, at *3 (citations omitted); see also Reyes-Garcia, 82 F.3d at 15-16.

to briefing requirements. See O'Neal v. Spota, 744 F. App'x 35, 36 (2d Cir. 2018) ("Despite affording pro se litigants 'some latitude' in meeting procedural rules, [courts] 'normally will not[ ] decide issues that a party fails to raise in his or her appellate brief.'") (citation omitted). As we have previously stated, Bankruptcy Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." In re Ross, 2004 WL 6030762, at *3 (citations omitted) (internal quotation marks omitted). "Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements . . . are essential for the proper disposition of an appeal." Id. (quoting Slack v. St. Louis Cnty. Gov't, 919 F.2d 98, 99 (8th Cir. 1990)). A court is not required to overlook the procedural and substantive omissions in a party's briefing and to stitch together a cogent argument or to guess what part of the record might be relevant. See id. at *3-4; see also Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (stating "[t]he Constitution does not require judges . . . to take up the slack when a party elects to represent himself") (citation omitted). "If a claimant cannot, or will not, attempt a succinct and cogent articulation of its claim *in its appellate brief*, it may not expect the court to supply it." Albright v. F.D.I.C., No. 93-1683, 1994 WL 109047, at *4 (1st Cir. Apr. 1, 1994).

Even viewing the Debtor's briefing with the required latitude, see Aja, 442 B.R. at 861, it is still woefully deficient. The burden was on her to demonstrate a basis for reversing the bankruptcy court and entering judgment in her favor. Simply put, the Debtor failed to provide us

with any basis—either through her briefing or through the arguments she presented orally—to conclude that the bankruptcy court's judgment did not apply the correct law or rested on a clearly erroneous finding of material fact.[4]

## CONCLUSION

In light of the foregoing, we summarily **AFFIRM**. <u>See</u> 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition, including affirmance, "if it appears that no substantial question is presented"); <u>see also</u> <u>United States v. Fortner</u>, 455 F.3d 752, 754 (7th Cir. 2006) ("Summary affirmance may also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial.") (citations omitted); <u>In re Ross</u>, 2004 WL 6030762, at *4 (summarily affirming due to deficient brief).

---

[4] Although we are not required to do so given the Debtor's deficient brief, we have reviewed the record of this case, including the transcript of the trial below, and find no error, on the merits, in any of the bankruptcy court's findings or conclusions.

8