BRISCOE, Chief Judge,
dissenting:
Although I agree with much of the majority’s carefully stated opinion, I must respectfully dissent. In my view, the government has not met its burden to produce “clear and convincing” evidence that Douglas Brown intended to retain a beneficial interest in the cabin. I would reverse and remand for further proceedings to determine if the IRS can enforce a lien under its alternate theory of fraudulent transfer, which the district court did not address.
I
As the majority correctly notes, courts have imposed purchase money resulting trusts (PMRT) when the party that purchased a property in the name of relative demonstrates an intent to retain beneficial ownership. But we must remember that a PMRT is not an equitable remedy designed to benefit creditors (although they may, as in this case, benefit). It is an equitable remedy designed to “giv[e] effect to what was probably the intention of the purchaser.” Restatement (Second) of Trusts ch. 12, topic 4, intro, note. This limits our inquiry to determining who the purchaser intended would hold the beneficial interest in this particular property. Put another way: had Douglas Brown brought an action in quiet title, would he have “clear and convincing” evidence that he did not actually intend to gift the property to the trust benefitting Barbara and the children?
In my view, he would not. Part of the evidence that the majority cites to rebut the presumption that Douglas intended the cabin as a gift for his wife and the children actually supports the conclusion that the cabin was, in fact, intended as a gift to his wife and the children. For instance, the majority considers it significant that Douglas Brown made payments on the note on the cabin. But paying for the property is a prerequisite of imposing a PMRT; it cannot serve as evidence to rebut the presumption that Barbara and the children held the beneficial interest. In fact, the trustee’s co-signing of the note actually supports the view that the Family Trust was the beneficial owner, because it indi *1308 cates that the parties anticipated the trust would make future payments. Cf. Restatement § 443 cmt. a (“It is the intention of the payor at the time of the transfer and not at some subsequent time which determines whether a resulting trust arises.”). Douglas Brown would not be entitled to a PMRT for a share of the property he did not pay for.[1]
Moreover, Douglas Brown took few actions with respect to the cabin that indicated an intent to remain the beneficial owner to the exclusion of his wife and the children, the named beneficiaries. He did not exercise exclusive control of the cabin or use it to secure personal or business loans. Cf. In re McGavin, 189 F.3d 1215, 1218 (affirming the imposition of a resulting trust when “bankruptcy court made numerous and specific findings about Debt- or’s continued control and use of the Prospector Property as collateral for various loans whose proceeds he controlled and used to enter into personal and business transactions for his benefit”). At worst, Douglas disregarded the formalities of the trust when he once rented the property to a friend without first obtaining permission from the trustee. But, even so, the rent payments went toward the note on which the Trust was jointly liable.
The majority, however, emphasizes that Douglas Brown wanted to protect his assets from creditors. Although I agree that an intent to protect assets from creditors is a factor in determining whether we should impose a PMRT, it is not the only one. The Restatement (Second) of Trusts refers to this an “indication that [a purchaser] did not intend to make a gift.” § 443 cmt. a. But it does not always follow that an intent to protect assets requires that we impose an PMRT. Indeed, a purchaser could quite plausibly want to protect his assets and gift the property to his relatives. Cf. Clayton v. Behle, 565 P.2d 1132, 1134 (Utah 1977) (holding an irrevocable, as opposed to revocable, trust was created in part based on evidence that the “settlor informed his attorney that the purpose for the trust was to protect assets from all claims by third parties and to reserve and retain the ranch in the male family line”). I question the majority’s decision to defer to the district court’s “finding” that Douglas Brown intended only to shield his assets, as the district court apparently premised its conclusion on the belief that it is somehow inconsistent to possess both an intent to protect assets and an intent to gift them.
Indeed, the evidence supporting a conclusion that Douglas intended to retain a beneficial interest is far more ambiguous as to intent than the evidence in the cases cited by the majority. In Nolan v. AT & T, 326 Ill.App. 328, 61 N.E.2d 876, 883 (1945), the court held a father did not intend to gift stock to his daughter. While the court considered the father’s concerns about creditors as relevant, it also noted that he had used the stock as collateral for his own purposes before the daughter even knew the stock had been issued in her name. Moreover, he told his attorney, banker, and sister — all non-interested par *1309 ties who testified at trial — that he intended to retain a beneficial interest. Id. at 883-884. In addition, the father later sold the stock and kept the proceeds. Id. at 883.
Likewise, in In re Cunningham, Bankr. No. 06-14882, 2008 WL 2746023, at *4, (Bankr.N.D. Ohio July 11, 2008), the debt- or’s son, who held legal title, never claimed the property at issue as an asset. The son also filed an affidavit asserting that his father’s rights in the property would exist as long as the father lived. Id. at *5. The father lived in the property, leased out the property, and paid all the taxes and insurance. Id. at *4. Not surprisingly, the court imposed a PMRT. Id. at *7.
Similarly, in Zundel v. Zundel, 278 N.W.2d 123 (N.D.1979), the court imposed a PMRT on the basis of testimony about a mother’s actual intentions for property she had purchased in her son’s name. Four of her children testified that the mother had purchased the property in the son’s name, as opposed to her own, only to avoid potential liability from a prior mortgage that had been foreclosed upon. Id. at 126. In addition, the “circumstances under which the land was farmed, income retained, improvements made and taxes paid are consistent with the intent to create a trust.” Id. at 131. The mother “was a business woman raising a family without benefit of a husband and engaged in the operation of a farm of which farmland would be a vital necessity.” Id. The court held that this all evidenced the mother’s intention to retain the beneficial interest in the property.
The evidence in the case before us is much more mixed. We have no evidence that the beneficiaries were unaware of their interest in the cabin, or that Douglas used it for his own purposes to the exclusion of the beneficiaries. In fact, the trustee had long considered the cabin a trust asset, and Barbara and the children used the cabin for their own enjoyment. More important, unlike in the three cases cited above, none of the parties with knowledge of this transaction has made an assertion explicitly contradicting the presumption that Douglas intended the cabin as a gift for his wife and the children. While none of those cases, of course, defines the minimum level of evidence that must be presented for the imposition of a PMRT, the overwhelming evidence in each of them weakens their persuasive value as applied to this case. The courts in those cases did not need to rely as heavily as the majority does on the mere fact the purchaser wanted to protect his assets. Those courts had other evidence that made clear the purchaser intended to retain the beneficial interest.
II
The majority also fails to grapple with the district court’s error in treating the Browns as a single entity. The district court concluded that Douglas Brown purchased the cabin, yet held that the Broums were entitled to a PMRT in the cabin. The court did explain how Barbara can retain an interest in a property she did not purchase.
Relatedly, the district court should not have used Barbara Brown’s actions as evidence to support the imposition of a PMRT in favor of Douglas. Barbara Brown’s actions seem consistent with the presumption that Douglas intended the cabin as a gift for his wife and the children. Barbara used the cabin, helped with maintenance, and paid expenses.[2] That she did so without the oversight of the trustee does not undercut the presumption that Douglas intended her and the children, as beneficiaries of the title-holding *1310 Family Trust, to also hold the beneficial interest in the cabin.
The majority seems to concede at least some err by the district court on this point. See Majority Op. at 1305 n. 4 (“For some reason the district court, after determining that a PMRT was created in favor of Brown, then stated, without further analysis, that he and his wife held the beneficial interest.”). But the majority offers two rejoinders. First, it says, “Tin-gey, however, has not complained about the court’s determination that Mrs. Brown had an interest, so we need not address the matter.” Id. But Tingey did argue that “the district court wrongly equated the Trust’s beneficiaries’ use and enjoyment of the Trust property with evidence that Mr. Brown, the purported purchaser, never intended for the Trust, as the purported transferee, to hold title to the cabin.” Appellant’s Opening Br. at 31.
Second, the majority says that “[i]nsofar as Mrs. Brown was involved with the maintenance and paying the bills, we agree with the dissent that her involvement is not probative of a resulting trust, although it is consistent with one (as the conduct of the supporting spouse).” Id. at 1306 n. 5. But this turns on its head the presumption that Douglas intended the cabin to be a gift. The default assumption should be that Barbara took these actions in her role as beneficiary — not merely as “supporting spouse.” One could just as easily conclude that much of the evidence the majority cites to support its position the Douglas retained the beneficial interest is also “consistent” with the presumption this was a gift: Douglas acting as the “supportive spouse” who took actions beyond making the initial down payment to ensure that his wish to gift the cabin was fulfilled.
Ill
In light of this, I cannot agree that the government has met its high evidentiary burden to rebut the presumption that no PMRT was created in favor of Douglas Brown. Both the majority and the district court failed to give appropriate weight to the presumption that Douglas Brown purchased the cabin as a gift for his wife and children. Rejecting this approach, I would instead reverse and remand for further proceedings.

. Along these lines, I also note the facts of this case make analyzing the question of ownership in this case complex. The payments on the cabin came from a number of sources, including Barbara. Neither the district court nor majority opinion grapples with how this might affect who possesses an interest in the cabin. Nor, although admittedly not raised by either party, did either the district court or majority consider the possibility that a resulting trust might be appropriate for only a share of the property. See Restatement (Second) of Trusts § 443 cmt. b. ("Where one person pays the purchase price for property which is transferred at his direction to another who is a natural object of his bounty, and it is shown that the payor intended to have a partial interest in the property, a resulting trust arises in favor of the payor as to such interest but only as to such interest.”).

. Although the district court found that the Browns paid the utility bills, the testimony it pointed to suggests that only Barbara paid them. Aplee. Supp.App. at 157, 165.