**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**January 18, 2017**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[*]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE HOPE MARIE CARLTON, | BAP No. CO-15-044 |
| Debtor. | |
| _____ | |
| KEITH ROBERT LEVIN, | Bankr. No. 12-29679 |
| | Adv. No. 15-01099 |
| Plaintiff - Appellee, | Chapter 7 |
| v. | |
| HOPE MARIE CARLTON, | OPINION |
| Defendant - Appellant. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Before **NUGENT**, **SOMERS**, and **HALL**, Bankruptcy Judges.

_____

**SOMERS**, Bankruptcy Judge.

_____

Debtor Hope Carlton appeals two bankruptcy court orders: (1) the order granting Robert Levin's motion to dismiss Carlton's counterclaim for Levin's alleged violation of the automatic stay by virtue of his making alimony payments

---

[*]     This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8018-6.

in accord with a schedule approved by the state court, which reduced postpetition alimony payments to collect assessments of attorney fees and costs against Carlton; and (2) the grant of summary judgment[1] to Levin on his adversary complaint contending that the debt Carlton owes him for attorney fees and costs awarded in conjunction with an appeal from an order in the divorce proceedings is nondischargeable under 11 U.S.C. § 523(a)(15).[2]  We affirm.

## I.      Background.

## A.  Prebankruptcy State Court Proceedings.

This case begins with the "long and very tortuous divorce proceeding" of Hope Carlton and Robert Levin.[3]  Levin and Carlton were married in 1991.  Prior to the marriage, they entered into a prenuptial agreement ("the Agreement"), which provided for the division of assets in the event of a divorce.  The Agreement also provided for attorney fees and costs to be awarded to the prevailing party in the event a dispute arose regarding the terms, conditions, and obligations imposed by the Agreement.  In 2005, Levin filed a divorce petition in the Seventh Judicial District Court in Grand County, Utah (the "Domestic Court").  Carlton disputed

---

[1]      The summary judgment order also granted Levin "relief from automatic stay to pursue collection of the Judgment pursuant to 11 U.S.C. § 362."  Corrected Judgment at 7, *in* Appellant's App. at 204.  In her brief, Carlton does not allege error in this portion of the order.

[2]      All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.  All future references to "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.  All future references to "Civil Rule" or "Civil Rules" are to the Federal Rules of Civil Procedure, unless otherwise indicated.

[3]      *Order Denying Defendant's Motion for Reconsideration of Order Dismissing Counterclaim* at 1, *in* Appellant's App. at 178.

the validity of the Agreement and the appropriate amount of alimony.

On November 6, 2007, the Domestic Court entered its *Decree of Divorce* (the "Domestic Court Order").[4]  It held that the Agreement was valid and awarded Carlton $15,000 per month in alimony until January 1, 2022.[5]  If prior to October 1, 2012, Carlton remarried or cohabitated, then beginning October 1, 2012, alimony would be reduced to $7,500 per month until October 1, 2017, at which time it would cease.  The Domestic Court Order also awarded Levin attorney fees and costs[6] of $167,884.75, with interest at 6.99% per year, as the prevailing party in the dispute regarding the validity of the Agreement.[7]  The Domestic Court Order provided that Levin was

> only entitled to recover these fees from [Carlton] by deducting $5,000 per month from her alimony payment until the $167,884.75 together with interest is paid in full.  An amortization table reflecting the payment schedule is attached hereto as **Exhibit B**.  Notwithstanding this deduction, the Court clarifies that the amount of alimony [Carlton] is to be paid is $15,000 per month, from which a deduction to pay this judgment is to be made.[8]

Three months later, beginning on February 1, 2008, this monthly deduction was

---

[4]  *Exhibit A, Motion for Reconsideration of Order Dismissing Debtor's Counterclaim Order in* Appellant's App. at 56 (The schedule of payments in the Appellant's Appendix following the Decree of Divorce appears not to be part of the original order, since it refers to subsequent events).

[5]  The Domestic Court Order specified that alimony should be paid for fourteen years and three months beginning on October 1, 2007.

[6]  In the rest of the text, awards of attorney fees and costs will be referred to as awards of attorney fees.

[7]  Domestic Court Order at 5, *in* Appellant's App. at 60.

[8]  *Id*. *in* Appellant's App. at 60.  (Exhibit B to the Domestic Court Order is not in the record on appeal).

3

reduced to $2,500 per month.[9] Attached to the order is a loan amortization schedule for payment of the remaining attorney fees at 6% in seventy-three monthly payments of $2,500.[10]

Carlton appealed the Domestic Court Order to the Utah Court of Appeals. That court affirmed the Domestic Court's decision, held that Levin as the prevailing party was entitled to reasonable attorney fees on appeal, and remanded to the Domestic Court for a determination of the amount.[11] On April 19, 2011, the Domestic Court awarded Levin $77,745.33 in additional attorney fees as the prevailing party in the appeal.[12] The judgment provided that the award "shall be collected by withholding a portion of each alimony payment in accordance with the attached schedule,"[13] which provided for net monthly alimony payments of $10,000 through September 1, 2012, and other adjustments thereafter.[14]

In October 2009, Levin filed a motion that asked the Domestic Court to find

---

[9] *Exhibit 2, Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim* at 3, *in* Appellant's App. at 105.

[10] *Id*. at 5-7, *in* Appellant's App. at 107-109 (The Domestic Court Order states the interest rate on the unpaid balance owed to Levin by Carlton will be 6.99%, but the loan amortization schedule rate is 6%).

[11] *Exhibit 3, Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim*, *in* Appellant's App. at 110.

[12] *Exhibit 5, Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim* at 2, *in* Appellant's App. at 137.

[13] *Id*. *in* Appellant's App. at 137.

[14] *Id*. at 4, *in* Appellant's App. at 139.

that Carlton had cohabitated and her alimony should therefore be reduced.[15]

Following a trial, the Domestic Court entered its ruling on March 22, 2011,

finding that Carlton was in fact cohabitating and reducing her alimony beginning

October 1, 2012 to $7,500 per month.[16]  By an order entered on October 12, 2011,

the Domestic Court awarded Levin attorney fees of $125,000 "to be paid by

deduction from alimony payments as set forth in Exhibit 'A'" to the order.[17]  The

exhibit provides for net alimony of $4,150 per month, commencing on October 1,

2012, with the last payment scheduled for September 1, 2017.[18]  Carlton then

appealed the 2011 cohabitation order and the attorney fees order to the Utah Court

of Appeals.

**B. Proceedings after bankruptcy filing.**

In September 2012, Carlton filed a Chapter 13 bankruptcy, which she

subsequently converted to a Chapter 11, and then converted to a Chapter 7.

Carlton alleges that on the petition date she owed Levin approximately $85,000.[19]

In January 2014, the Utah Court of Appeals issued its opinion on the appeal

of the 2011 cohabitation and attorney fees orders, affirming the Domestic Court

and remanding for a determination of attorney fees incurred in connection with the

---

[15]     *Exhibit 4, Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim* at 2, *in* Appellant's App. at 126.

[16]     *Id*. *in* Appellant's App. at 125.

[17]     *Motion for Reconsideration of Order Dismissing Debtor's Counterclaim* at 3-4, *in* Appellant's App. at 147-148.

[18]     *Id*. at 7, *in* Appellant's App. at 151.

[19]     *Answer of Debtor, Hope Marie Carlton* at 3, *in* Appellant's App. at 31.

second appeal.[20]  The Utah Court of Appeals noted that its ruling was subject to any limitations related to Carlton's bankruptcy and "express[ed] no opinion on the calculation or recoverability of attorney fees insofar as the same may be limited or precluded by [Carlton's] bankruptcy case."[21]

After Levin obtained relief from stay, the Domestic Court on remand, entered its *Amended Order and Judgment Re: Attorney's Fees*[22] on February 9, 2015 (the "February 2015 Judgment") awarding Levin $52,263.58 in attorney fees incurred in conjunction the appeal of the 2011 orders.  The Domestic Court stated that:

> This judgment constitutes a debt owed by [Carlton] to a former spouse and was incurred during the course of a divorce and/or in connection with a divorce decree. . . .[23]

> To the extent that this Court has the authority to make such a determination, it is this Court's opinion that this judgment should be deemed non-dischargeable pursuant to 11 U.S.C. §523(a)(15) . . . ; and

---

[20]    *Exhibit 9, Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim* at 9-10, *in* Appellant's App. at 160-61.

[21]    *Id.* at 9, *in* Appellant's App. at 160.  In May 2013, Levin filed a motion for relief from the automatic stay only with respect to the appeal pending before the Utah Court of Appeals.  The bankruptcy court subsequently entered an order for relief from the automatic stay providing that "the request for the relief from the automatic stay is granted to permit the Utah State Court of Appeals, to complete its determination of the issues raised in Appeal No. 2011-1023-CA."  Bankr. Dkt. Entry 91.  In November 2014, Levin filed a second motion for relief from stay to permit the Domestic Court to determine the attorney fees arising out of the appeal.  Bankr. Dkt. Entry 165.  The bankruptcy court entered a second order granting the motion for relief from stay permitting the Domestic Court to address the outstanding attorney fee issue left unresolved in the Utah Court of Appeals' opinion, but prohibiting Levin from pursuing collection against Carlton.  Bankr. Dkt. Entry 174.  Appellant did not include these motions or orders in the Appendix and Appellee did not file a Supplemental Appendix.

[22]    February 2015 Judgment *in* Appellant's App. at 162.

[23]    *Id.* at 2, *in* Appellant's App. at 163.

6

[Levin] is stayed from executing or otherwise collecting on this judgment until he has received relief to do so from the bankruptcy court.[24]

In March 2015, Levin filed this adversary proceeding (the "Complaint"),[25] seeking a determination of the dischargeability of the February 2015 Judgment pursuant to § 523(a)(5) and (a)(15), and requesting relief from the automatic stay "to permit [Levin] to return to the Domestic Court to pursue collection of the February 9, 2015 Judgment."[26] Carlton subsequently filed an answer,[27] generally admitting all of Levin's factual allegations concerning the state court proceedings, but denying the characterization of the February 2015 Judgment as nondischargeable.

Carlton's response to the Complaint included an answer and a counterclaim asserting a cause of action for violation of the automatic stay (the "Counterclaim").[28] Its allegations are stated in only five paragraphs: (1) the action was for violation of § 362; (2) Debtor filed her petition on September 21, 2012; (3) on the petition date, Carlton was indebted to Levin in the approximate amount of $85,000; (4) "[n]otwithstanding the filing of the bankruptcy by Carlton, without the permission of the Bankruptcy Court, Levin continued to withhold

---

[24]    *Id*. at 3, *in* Appellant's App. at 164.

[25]    *Complaint Objecting to Dischargeability of Debts in* Appellant's App. at 10.

[26]    *Id*. at 5, *in* Appellant's App. at 14.

[27]    *Answer of Debtor, Hope Marie Carlton in* Appellant's App. at 29.

[28]    *Id*. at 3, *in* Appellant's App. at 31.

7

payments he was obligated to make to Carlton to reduce the indebtedness owed to him;"[29] and (5) as a result, Carlton was damaged.

Levin filed his *Motion to Dismiss Counterclaim* based on two arguments: (1) dismissal was required under Civil Rule 12(b)(1) because the bankruptcy court lacked subject matter jurisdiction under the "domestic relations exception" to federal court jurisdiction and under the *Rooker-Feldman* Doctrine; and (2) dismissal was required under Civil Rule 12(b)(6) because there was no violation of the stay since Levin was simply complying with the payment schedule ordered by the Domestic Court (the "Motion to Dismiss").[30] Carlton responded by arguing that Civil Rule 8(a) provides that a complaint need only contain a short and plain statement of the claim; motions to dismiss are viewed with disfavor; the Motion to Dismiss improperly asserted affirmative defenses as a basis for dismissal; and the allegation that Levin withheld payment owed by him to offset a prepetition debt owed by Carlton in violation of the stay was sufficient to state a cause of action.[31] There was no discussion of subject matter jurisdiction. Carlton did not suggest that the Motion to Dismiss should be converted to a motion for summary judgment because matters outside the pleadings should be considered.

---

[29] *Id. in* Appellant's App. at 31. The Court understands this allegation to address the postpetition payments made by Levin where the prepetition attorney fee awards were deducted from the alimony owed, in accord with the Domestic Court orders. The attorney fees awarded postpetition by the February 2015 Judgment are the subject of the Complaint, not the Counterclaim.

[30] *Motion to Dismiss Counterclaim in* Appellant's App. at 41.

[31] *Counterclaim Plaintiff, Hope Marie Carlton's Response to Counter-Defendant's Motion to Dismiss Counter Claim in* Appellant's App. at 47.

The bankruptcy court subsequently conducted a telephonic hearing to issue its oral ruling on the Motion to Dismiss (the "Oral Ruling") and docketed the minute sheet as its order (the "Dismissal Order").[32] The minute sheet states "for reasons stated on the record" the Counterclaim was dismissed as a matter of law.[33] The record on appeal does not contain a transcript of the Oral Ruling. When denying Carlton's later-filed motion for reconsideration, the bankruptcy court described its Oral Ruling as follows:

> The Court found that the Defendant [Carlton]'s counterclaim sought to alter the Utah state court orders of alimony awarded . . . in a manner prohibited by the Rooker-Feldman Doctrine. Consequently, the Court dismissed the Defendant's counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. Importantly, the Court found that the Plaintiff [Levin] was not withholding alimony payments from the Defendant in an improper manner, but was simply obeying the Utah state court's orders in making alimony payments to the Defendant.[34]

On June 24, 2015, Carlton moved for reconsideration (the "Reconsideration Motion").[35] Carlton argued that she was not asking the bankruptcy court to modify the alimony award and that the Domestic Court's orders that the attorney fees be paid by deductions from alimony did not modify the alimony award, but just provided for a method of payment similar to garnishment. She did not address

---

[32]     Dismissal Order, *in* Appellant's App. at 51.

[33]     *Id*. at 1-2, *in* Appellant's App. at 51-52.

[34]     *Order Denying Defendant's Motion for Reconsideration of Order Dismissing Counterclaim* at 2, *in* Appellant's App. at 179 (internal citations omitted).

[35]     *Motion for Reconsideration of Order Dismissing Debtor's Counterclaim in* Appellant's App. at 53.

9

Levin's jurisdictional arguments. As exhibits to her Reconsideration Motion, Carlton submitted the Domestic Court Order and an alimony payment spreadsheet, which appears to be a proposed payment schedule after the cohabitation ruling.[36] Levin filed an objection to the Reconsideration Motion[37] again asserting the argument that the Counterclaim should be dismissed because the bankruptcy court lacked jurisdiction to modify a divorce or alimony decree. As exhibits to his response, Levin submitted the Domestic Court orders discussed above allowing him to reduce his alimony payments and apply the reductions to the attorney fees debt.

On September 21, 2015, the bankruptcy court denied the Reconsideration Motion (the "Reconsideration Order").[38] It construed the motion as a motion under Civil Rule 59(e), under which relief is appropriate where "a court has misapprehended the facts, a party's position, or controlling law."[39] While recognizing that the Oral Ruling required consideration of facts in addition to the bare bones allegations of the Counterclaim and that Carlton was contending that the court had misapprehended the facts, the court concluded that it did not err in granting the Motion to Dismiss without converting it into a motion for summary

---

[36]     *Id*. at 9, *in* Appellant's App. at 61.

[37]     *Plaintiff's Objection to Debtor's Motion for Reconsideration of Order Dismissing Debtor's Counterclaim in* Appellant's App. at 69.

[38]     *Order Denying Defendant's Motion for Reconsideration of Order Dismissing Counterclaim in* Appellant's App. at 178.

[39]     Reconsideration Order at 3, *in* Appellant's App. at 180.

10

judgment under Civil Rule 12(d). As the basis for its ruling, the bankruptcy court accepted as true the facts alleged in the Counterclaim and the facts alleged in the Complaint setting forth the history of the Domestic Court orders, which Carlton had admitted in her answer. Based on these facts alone, which the court found to be sufficient, the bankruptcy court concluded that it could not draw a reasonable inference that Levin could be liable for violation of the automatic stay because those facts showed that Levin was "simply following the orders of the Utah state court by paying the amount specified in the applicable orders and judgments."[40] The court further said, "As previously stated by this Court, by seeking an order that the amount of the alimony payments made by the Plaintiff, as determined by the Utah state court, violates the automatic stay, Defendant seeks substantive review of a state court judgment, and this Court has no jurisdiction to do so."[41]

On July 1, 2015, while Carlton's Reconsideration Motion was pending before the bankruptcy court, Levin filed a motion for judgment on the pleadings, requesting that the attorney fees awarded by the Utah Domestic Court in its February 2015 Judgment be excepted from discharge pursuant to either § 523(a)(15) or (a)(5) and that he be granted relief from stay to return to state court to enforce the February 2015 Judgment.[42] Carlton filed an objection[43]

---

[40]  *Id*. at 6, *in* Appellant's App. at 183.

[41]  *Id*.

[42]  *Motion for Judgment on the Pleadings in* Appellant's App. at 62.

[43]  *Debtor/Defendant's Response to Motion for Judgment on the Pleadings in*
(continued...)

arguing that as a matter of law, § 523(a)(15) was not applicable and Levin was not entitled to judgment on the pleadings.

On September 24, 2015, the bankruptcy court ruled in Levin's favor on the dischargeability and stay issues by issuing its *Order Granting Summary Judgment Under 11 U.S.C. § 523(a)(15)* (the "Summary Judgment Order").[44] The court concluded that "the only inquiry under § 523(a)(15) is whether the [February 2015] Judgment was incurred by [Carlton] 'in the course of a divorce . . . or in connection with a separation agreement, divorce decree or other order of a court of record.'"[45] Carlton's argument that § 523(a)(15) did not apply because the judgment was based upon the parties' prenuptial agreement was rejected. The bankruptcy court found the February 2015 Judgment was entered in an ongoing divorce and "emanated from a series of court orders, as opposed to a stand alone prenuptial agreement,"[46] and was therefore nondischargeable under § 523(a)(15). The court also granted Levin "relief from automatic stay to pursue collection of the [February 2015] Judgment."[47] A corrected order (the "Corrected Summary

---

[43](...continued)
Appellant's App. at 174.

[44]     Summary Judgment Order *in* Appellant's App. at 186.

[45]     *Id.* at 6, *in* Appellant's App at 191 (quoting 11 U.S.C. § 523(a)(15)).

[46]     *Id*. at 7, *in* Appellant's App. at 192.

[47]     *Id*.

Judgment Order")[48] and a Corrected Judgment were subsequently entered.[49]

Carlton now appeals the Dismissal Order, the Reconsideration Order, the Corrected Summary Judgment Order, and the Corrected Judgment.[50]

## II.     Issues on appeal.

**A.     Whether the bankruptcy court erred in granting the *Motion to Dismiss Counterclaim*.**

**B.     Whether the bankruptcy court erred in entering summary judgment in favor of Plaintiff Levin and finding the February 2015 Judgment owed to Levin by Carlton was nondischargeable under 11 U.S.C. § 523(a)(15).**

## III.     Standard of Review.

We review a bankruptcy court's dismissal of a claim pursuant to Civil Rule

---

[48]     Corrected Summary Judgment Order *in* Appellant's App. at 196.  The Corrected Summary Judgment Order corrected typographical errors in the Summary Judgment Order.

[49]     Corrected Judgment *in* Appellant's App. at 204.

[50]     Appellant submitted copies of pages one and two of Levin's Proof of Claim as attachments to her Reply Brief, referred to as "Exhibit Number 2."  Appellee then filed his *Appellee's Motion to Strike "Exhibit Number 2" Attached to Appellant's Reply Brief* (the "Motion to Strike").  BAP ECF No. 17.  He argued that:  (1) Exhibit Number 2 was neither included in Appellant's Designation of the Record on Appeal nor Appellant's Appendix; and (2) Exhibit Number 2 was an incomplete copy of the Proof of Claim, as Appellant omitted six attachments to the Claim from Exhibit Number 2.  Appellant did not file a response to the Motion to Strike.  BAP Local Rule 8018-1(g) provides that "[o]nly documents properly before the bankruptcy court may be included in the appendix and considered by this Court."  10th Cir. BAP L.R. 8018-1(g).  The BAP Local Rules also provide that absent the filing of a supplemental or amended appendix, "[t]his Court need not remedy any failure by a party to designate an adequate record.  When the party asserting an issue fails to provide a record sufficient for considering that issue, this Court may decline to consider it."  10th Cir. BAP L.R. 8009-3; *see also Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (appellate court declined to review evidence not before the trial court when rulings at issue were made).  Exhibit Number 2 was not submitted to the bankruptcy court in the adversary proceeding and was not referred to in the bankruptcy court's Reconsideration Order.  Furthermore, Exhibit Number 2 was not included in the Designation of Record.  Accordingly, Exhibit Number 2 is HEREBY STRICKEN.  The Motion to Strike is GRANTED.

12(b)(6) *de novo*[51] and the bankruptcy court's ruling on a Civil Rule 59 motion for an abuse of discretion.[52]

We review an order granting summary judgment *de novo*, applying "'the same legal standard as was used by the bankruptcy court to determine whether either party is entitled to judgment as a matter of law.'"[53]

## IV. Discussion

### A. Did the bankruptcy court err in granting the *Motion to Dismiss Counterclaim*.

#### 1. The positions of the parties.

On appeal, Carlton contends that the bankruptcy court erred in granting the Motion to Dismiss and denying her Reconsideration Motion. The arguments presented in her Appellant's Brief allege violations of procedural rules. She asserts that the Civil Rules are to be construed liberally, that Civil Rule 8(a) requires only that a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief, that motions to dismiss are disfavored, and that Levin's Motion to Dismiss improperly asserted a number of affirmative defenses. Carlton also argues that the bankruptcy court erred when denying her Reconsideration Motion because, under Civil Rule 12(d), it should have decided the Motion to Dismiss using summary judgment standards and

---

[51] *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[52] *LTF Real Estate Co. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634, 643 (10th Cir. BAP 2014) (citing *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005)).

[53] *Id*. (quoting *Rushton v. Bank of Utah (In re C.W. Mining Co.)*, 477 B.R. 176, 180 (10th Cir. BAP 2012)).

procedures.  In his Appellee's Brief, Levin argues that the bankruptcy court was correct in dismissing the Counterclaim because addressing Carlton's allegations of violations of the automatic stay would have been tantamount to relitigating the Domestic Court's various alimony orders, and the bankruptcy court lacked jurisdiction to do so under the "domestic relations exception"[54] to federal court jurisdiction and under the *Rooker-Feldman* Doctrine.[55]  Levin also supports the bankruptcy court's denial of the Reconsideration Motion.

**2.  Carlton has not shown that the bankruptcy court committed reversible error when dismissing the Counterclaim.**

As stated above, the Motion to Dismiss was granted by the Oral Ruling. Bankruptcy Rule 8009, titled "Record on Appeal; Sealed Documents," in subsection (a)(4), provides that the record on appeal must include, among other items, "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings."[56]  But Carlton has failed to include a transcript of the Oral

---

[54]     Levin argues the "domestic relations exception" precluded the bankruptcy court from exercising subject matter jurisdiction over the Counterclaim.  The bankruptcy court did not specifically address the domestic relations exception.  The "domestic relations exception . . . divests the federal courts [including bankruptcy courts] of power to issue divorce, alimony, and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to fix payments for support, *id*. at n.6.  Levin cites *Ebel v. King (In re Ebel)*, 338 B.R. 862 (Bankr. D. Colo. 2005), as authority for his position.

[55]     Under the *Rooker-Feldman* Doctrine, federal courts lack subject matter jurisdiction to hear appeals from final judgments of state courts or to adjudicate claims that are inextricably intertwined with those judgments.  In order for *Rooker-Feldman* to apply, (1) the party must have lost in state cour t; (2) the party must complain of injuries caused by the state-court judgment; (3) the party must invite a review and rejection of that judgment; (4) and the judgment must have been rendered before the federal proceedings commenced.  *Flanders v. Lawrence (In re Flanders)*, 517 B.R. 245, 256 (Bankr. D. Colo. 2014) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005), but omitting internal quotation marks)).

[56]     Fed. R. Bankr. P. 8009(a)(4).

Ruling in the record on appeal. This Court's local rule states, "This Court need not remedy any failure by a party to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, this Court may decline to consider it."[57] Since the transcript of the Oral Ruling is not provided, this Court could in its discretion decline to consider whether the bankruptcy court erred when granting the Motion to Dismiss.

However, because we find the bankruptcy court's statement contained in its order denying the Reconsideration Motion regarding its Oral Ruling to be a sufficient substitute for a transcript, we elect to reach the merits. As stated above, the bankruptcy court summarized its Oral Ruling as follows: "The Court found that the Defendant's counterclaim sought to alter the Utah state court orders of alimony awarded . . . in a manner prohibited by the Rooker-Feldman Doctrine. Consequently, the Court dismissed the Defendant's counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted."[58] Thus, this Court could reverse only if the bankruptcy court erred in finding that the *Rooker-Feldman* Doctrine bars the Counterclaim.

But Carlton has never during the course of these proceedings contended that the *Rooker-Feldman* Doctrine does not apply. The matter was not addressed in her

---

[57] 10th Cir. BAP L.R. 8009-3; *see also Lopez v. Long (In re Long)*, 255 BR 241, 245 (10th Cir. BAP 2000) (appellate court need not remedy counsel's failure to provide adequate record on appeal but may summarily affirm lower court); *Tuloil, Inc. v. Shahid (In re Shahid)*, 254 B.R. 40, 43 (10th Cir. BAP 2000) (appellate court need not remedy counsel's failure to provide appendix sufficient for consideration of issues on appeal).

[58] Reconsideration Order at 2, *in* Appellant's App. at 179.

opposition to Levin's Motion to Dismiss or in support of her Reconsideration Motion.

Further, as a basis for reversal, Carlton's Appellant's Brief relies solely upon alleged procedural errors. There is no discussion of the *Rooker-Feldman* Doctrine, and no contention that the bankruptcy court had jurisdiction to rule that the offset was a violation of the stay even though it arose out of domestic relations orders.[59]

Because Carlton has not identified the *Rooker-Feldman* Doctrine as an issue on appeal and has not briefed the question, this Court will not consider whether the bankruptcy court erred in applying the doctrine.[60] In contrast to the rule that an appellate court may affirm on any basis shown by the record, there is no rule of appellate procedure that an appellate court may reverse based upon an issue not raised by the appellant. Bankruptcy Rule 8014(a) provides that an appellant's brief must contain, among other things, "a statement of the issues presented" and "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."[61] This bankruptcy rule is derived from Federal Rule of Appellate Procedure 28(a), which has been construed to mean that an appellate court should not reverse on the basis of an error not addressed in the appellant's

---

[59] In her Reply Brief, Carlton does argue that the domestic relations exception to federal jurisdiction does not apply, but she does not mention the *Rooker-Feldman* Doctrine.

[60] *See e.g., Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006) (holding whether defendant-appellee was federal employee was waived by plaintiff-appellant because not addressed in appellant's opening brief, even though issue was raised before district court and at appellate oral argument); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (issue not argued in appellate brief or at oral argument is waived).

[61] Fed. R. Bankr. P. 8014(a)(5), (a)(8).

17

opening brief. The Tenth Circuit has said,

> An appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief. Stated differently, the omission of an issue in an opening brief generally forfeits appellate consideration of that issue.[62]

The foregoing rule is related to the general principle that "a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory."[63] In this case, before the bankruptcy court, Carlton did not meaningfully respond to Levin's position that the *Rooker-Feldman* Doctrine precluded consideration of Carlton's Counterclaim. She has waived any right to have the decision reversed even if the bankruptcy court erred when relying on the doctrine.

Rather than addressing the basis for the bankruptcy court's Dismissal Order in her Appellant's Brief, Carlton addresses irrelevant procedural matters. She asserts that the Civil Rules are to be construed liberally, that Civil Rule 8(a) requires only that a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief, and that motions to dismiss are disfavored. These assertions are generally true, but Carlton fails to show how they were violated. Carlton also argues that Levin's Motion to Dismiss asserted a number of affirmative defenses and that affirmative defenses are not the proper basis for a motion to dismiss. Affirmative defenses are addressed in Civil Rule 8(c), which states that in responding to a pleading, a party must

---

[62] *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (citations omitted).

[63] *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (citing *Lone Star Steel v. United Mine Workers*, 851 F.2d 1239, 1243 (10th Cir. 1998)).

18

affirmatively state any avoidance or affirmative defense, including eighteen listed defenses.[64] Carlton does not identify any defenses which were stated as grounds to dismiss the Counterclaim, and the bankruptcy court did not grant the Motion to Dismiss based on any affirmative defense. Carlton's basic position, stated in her brief and reiterated at oral argument, is that the Counterclaim should not have been dismissed because the allegations in it are sufficient to state a cause of action. But this contention provides no basis for reversal since it fails to address the reason for the bankruptcy court's Dismissal Order.

**3. The bankruptcy court did not abuse its discretion when denying Carlton's motion to reconsider the order dismissing the Counterclaim on the ground that the Motion to Dismiss should have been treated as a motion for summary judgment.**

A bankruptcy court's ruling on a Civil Rule 59 motion is reviewed for an abuse of discretion, and we find no such abuse. On appeal, Carlton asserts that the bankruptcy court erred when denying her Reconsideration Motion because, contrary to the bankruptcy court's ruling, under Civil Rule 12(d), the Motion to Dismiss should have been treated as a motion for summary judgment because the bankruptcy court considered matters outside the four corners of the Complaint.[65]

Civil Rule 12(d) requires a court to treat a 12(b)(6) motion as a motion for summary judgment under certain circumstances. Specifically, Civil Rule 12(d) provides:

---

[64]     Fed. R. Civ. P. 8(c), made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

[65]     Appellant's Brief is ambiguous about whether she asserts that summary judgment treatment was required for the Motion to Dismiss or the Reconsideration Motion.

19

[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . . [P]arties must be given a reasonable opportunity to present all [pertinent] material.[66]

Under Civil Rule 12(d), a bankruptcy court commits reversible error if it considers supplementary materials without converting the motion to dismiss into a motion for summary judgment and complying with the summary judgment rules.[67] But even if a bankruptcy court considers and relies on matters outside the pleadings without giving the parties a chance to present pertinent material, that action does "not necessarily mandate reversal unless 'the record discloses the existence of unresolved material fact issues,' or 'the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity.'"[68]

Carlton urges us to read Civil Rule 12(d) narrowly[69] to mean that in a situation such as this, where an Answer and Counterclaim are filed as one responsive pleading to a

---

[66]    Fed. R. Civ. P. 12(d), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b).

[67]    *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (citing *Ohio v. Peterson, Lowry, Rail, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978)).

[68]    *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015) (quoting *Woods v. City of Chicago*, 234 F.3d 979, 991 (7th Cir. 2000)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (failure to convert Civil Rule 12(b)(6) motion to one for summary judgment where outside materials not excluded is reversible error unless outside materials were not outcome determinative).

[69]    We exercise our discretion to address the Civil Rule 12(d) issue despite several deficiencies in Carlton's presentation to this Court. Carlton did not raise the issue before the bankruptcy court. When opposing the Motion to Dismiss, she did not argue that matters outside the pleadings should be considered or that the motion should be converted to one under Civil Rule 56. Also, she made no such contention when seeking reconsideration. The bankruptcy court *sua sponte* raised the Civil Rule 12(d) issue when denying the Reconsideration Motion. Further, our review of this issue, like the *Rooker-Feldman* issue, is hampered by the absence of the transcript of the Oral Ruling from the record on appeal.

Complaint, a bankruptcy court may only consider the allegations contained in the Counterclaim — not any admissions or denials in the Answer — in the context of a 12(b)(6) motion. There does not appear to be any authority to support such a narrow reading of the rule,[70] and Carlton does not cite any. The plain language of Civil Rule 12(d) limits its application to situations where "matters outside the *pleadings* are presented."[71] The Answer and Counterclaim filed by Carlton fall squarely within the plain meaning of the word "pleadings."

In this case, when objecting to dismissal, Carlton did not identify any material controverted facts or suggest that Civil Rule 56 applied. She also did not reference Civil Rule 12(d) in her Reconsideration Motion. Carlton was aware of and admitted the facts alleged in the Complaint, and those facts were sufficient for the bankruptcy court's ruling. There is no showing of what would have been accomplished if the Motion to Dismiss had been decided under the Civil Rule 12(d) procedures.

The Court therefore affirms the grant of the Motion to Dismiss and the denial of the Reconsideration Motion.

**B. Whether the bankruptcy court erred in granting summary judgment on Levin's § 523(a)(15) Claim.**

A ruling on a summary judgment motion is reviewed *de novo*, applying "the same

---

[70]    The Tenth Circuit Court of Appeals has liberally construed Civil Rule 12(d). *See GFF Corp.*, 130 F.3d at 1384 (Notwithstanding the general rule that a Civil Rule 12(b)(6) motion must be converted to a motion for summary judgment if matters outside the pleadings are considered, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[71]    Fed. R. Civ. P. 12(d) (emphasis added).

legal standard as was used by the bankruptcy court to determine whether either party is entitled to judgment as a matter of law."[72]  Section 523(a)(15) provides that a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" is nondischargeable under § 727.[73]  The bankruptcy court independently examined the nondischargeability of the February 2015 Judgment under § 523(a)(5) and (a)(15), ultimately concluding that it was nondischargeable pursuant to § 523(a)(15).

Carlton argues that the bankruptcy court erred in concluding that the February 2015 Judgment was nondischargeable because § 523(a)(15) does not include a specific reference to prenuptial agreements.  Her argument is not persuasive.  This Court has previously held that exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523.[74]  The Ninth Circuit has also specifically held, as have other bankruptcy courts, that attorney fee awards owed to a non-debtor spouse are nondischargeable under § 523(a)(15).[75]

The record indicates there is no dispute that the February 2015 Judgment is a debt

---

[72]     *LTF Real Estate v. Expert S. Tulsa*, 522 B.R. at 643 (quoting *Rushton v. Bank of Utah (In re C.W. Mining Co.)*, 477 B.R. 176, 180 (10th Cir. BAP 2012)).

[73]     11 U.S.C. § 523(a)(15).

[74]     *In re Taylor*, 478 B.R. 419, 427 (10th Cir. BAP 2012), *aff'd*, 737 F.3d 670 (10th Cir. 2013).

[75]     *Lilly v. Smithson (In re Lilly)*, No. AZ-11-1185, 2012 WL 603771, at *3-4 (9th Cir. BAP Jan. 31, 2012); *Baker v. Baker (In re Baker)*, No. 12-1302,  2013 WL 2606406, at *3-5 (Bankr. D.N.M. June 11, 2013); *Mordas v. Schenkein (In re Schenkein)*, No. 09-01947, 2010 WL 3219464, at *4-6 (Bankr. S.D.N.Y. Aug. 9, 2010).

owed to a spouse or former spouse and is not a "domestic support obligation" under § 523(a)(5). Accordingly, the only issue on appeal is whether the judgment was incurred by Carlton in the course of a divorce or in connection with a divorce decree or other order of a court of record.[76]

We conclude that the bankruptcy court was correct in determining that the February 2015 Judgment was incurred by Carlton in the course of a divorce and in connection with a divorce decree or other order of a court of record. The Domestic Court entered the February 2015 Judgment following remand from the Utah Court of Appeals' affirmance of an order entered in the course of alimony reduction proceedings. Levin incurred and paid attorney fees directly attributable to the divorce-related litigation instigated by Carlton, for which Carlton was responsible pursuant to the Agreement and Utah law. Accordingly, the bankruptcy court did not err in determining that the February 2015 Judgment was nondischargable pursuant to § 523(a)(15), and entering its Corrected Summary Judgment Order.

## V. Conclusion

Carlton has not shown that the bankruptcy court erred when it entered the Dismissal Order granting the Motion to Dismiss, or that its Reconsideration Order denying her Reconsideration Motion was an abuse of discretion. The bankruptcy court correctly determined that Levin had established that no material issues of fact existed and that he was entitled to judgment as a matter of law on his § 523(a)(15) nondischargeability claim, so the bankruptcy court's Corrected Summary Judgment Order

---

[76]    11 U.S.C. § 523(a)(15).

23

and its Corrected Judgment were not erroneous.

Based on the forgoing, we hold that the dismissal of the Counterclaim and the grant of summary judgment in favor of Levin on the allegations of the Complaint were appropriate. We AFFIRM.